# UPCHURCH v. NORSWORTHY.

1. A sole legatee has no right to the possession of the personal estate, until the personal representative has assented to it, and if in possession it may be recovered by the personal representative when appointed.
2. An administrator has no right to the proceeds of the crops made upon the land of his intestate, with the slaves of the estate, previous to the grant of administration. Whether he could not recover the value of the use of the slaves, and other personal property, *quere.*

Error to the Circuit Court of Pickens,

ASSUMPSIT by the defendant in error.

The facts, as shown by a bill of exceptions, are, that one Thomas Woolfolk, made his will on the 14th July, 1840, in the following words: "I give my wife every thing I possess during her widowhood, if she marries, she is to have one third. Not to give security when she qualifies, unless she marries, then to give security. Given under my hand this 14th July, 1840." Signed by the testator, and attested by two witnesses. The will was admitted to probate, on the 7th December, 1840, but neither the widow, or any other person was appointed, or qualified as administrator, until the 11th December, 1843, when the plaintiff was appointed administrator, with the will annexed, and qualified as such.

That Mrs. Woolfolk married again in December, 1843, having previously lived on the plantation, where her first husband resided at the time of his death, and was in possession of the estate, and effects. That during that period she employed the defendant as her agent, to transact her business. That as such agent he received sundry notes belonging to the estate of the deceased, the proceeds of which came to his hands. Also, the proceeds of a crop growing at the time of his death, and of three crops made on the plantation since his death, and there was no proof that he had ever paid

over, or accounted for the said several sums to any one. These being the admitted state of the facts, the defendant, by his counsel, requested the court to charge, that the plaintiff could not recover upon the case made by the proof, which charge the court refused, and instructed the jury, that if they believed the testimony, they ought to find against the defendant, such sums as thus came to his hands, to which he excepted; and which he now assigns as error.

BRODIE, for plaintiff in error.

BALDWIN, contra.

ORMOND, J.—Although the widow of the deceased, was by the will appointed sole legatee of the estate during her widowhood, that did not give her the legal title to the property, or entitle her to its possession, until the personal representative assented to it. It does not vary the case, that no representative of the estate was appointed until several years after the death of the testator; when appointed, the legal title to the personal estate vested in him, and by operation of law, the grant related to the time of the death of the testator.

These propositions are fully established, by the case of Kelly, adm'r, v. Kelly's distributees, 9 Ala. 908, and it follows, that the fact that the widow was the sole legatee during her widowhood, gives her no right to retain the personal property of the deceased, against the administrator who is invested with the legal title, and entitled to the possession, to enable him to pay the debts of the deceased, and distribute the estate. As she could not retain it herself, it follows necessarily that the defendant, who received it by authority from her, can be in no better condition.

This is exceedingly clear, as it respects the personal property of the deceased, which has come to the hands of the defendant; but a question of more difficulty arises, in regard to the product of the plantation, since the decease of the testator; he having died intestate as to his lands. As he died previous to the 1st January, the crop of that year is made assets by the statute, (Clay's Dig. 196, § 19;) but the

crops which have been made since, are not assets of the estate, recoverable in this mode by the administrator.

The title to the land descended to the heir at law, subject to the entry of the administrator, for the purpose of renting it. So also, the administrator is entitled to, and may sue for and recover rent accruing after the death of his intestate. [Masterson v. Girard, 10 Ala. 60; Harkins v. Pope, Id. 493.] But that is not the predicament of this case. This land has not been rented out, nor is this suit for the recovery of rent. It is an action for money had and received, to the use of the administrator, which, so far as it relates to the proceeds of the crops, made since the death of the intestate, can only be supported upon the hypothesis that the administrator had the right to affirm the act of the widow, in cultivating the land, with the slaves of the testator. This he could not have done himself, without first obtaining an order of the orphans' court for that purpose, nor can he affirm the illegal act of another. The product of the crops made on the land, cannot be assets of the estate, conceding that the widow would be responsible to the administrator for the value of the use of the slaves, and other personal property, since the death of her husband, and to the heirs, for the use and accupation of the land, questions which do not arise upon this record.

Let the judgment be reversed and the cause remanded.