## GAREY ET ALS. v. EDWARDS & ALLEN, USE, &c.

1. Where a notice to a sheriff and his sureties, that a motion for judgment will be made against them, is found in the transcript, it will not be regarded as a part of the record unless it is made so by a bill of exceptions, or is identified in the judgment entry.
2. Where notice is given to a sheriff and his sureties that a motion for judgment will be made against them, the motion must be made at the term of the court, indicated in the notice, or some other proceeding be had to keep it alive, otherwise it will be considered as abandoned.
3. Where the judgment entry in a summary proceeding against a sheriff and his sureties, recites, that the defendants had notice of the motion, on a day *anterior* to the preceding term of the court, it will not be intended, to reverse the judgment, that the notice was of a motion designed to have been made at such preceding term, but which had not been made.
4. Where a suggestion against a sheriff and his sureties, for the failure of the sheriff to return an execution, after an accurate description of the

Garey et al. v. Edwards & Allen.

jndgment and execution, states, that the plaintiff will "move and ask for a judgment against said defendant, for the amount of said debt, damages and cost, with legal damages for said default, and interest on said judgment to the trial thereof," it sufficiently indicated that the proceeding is instituted under the statute of 1819.

5. Where a suggestion against a sheriff and his sureties after describing the execution, avers the failure of such sheriff to "*execute*" and return it, and states, that the plaintiffs will move and ask for a judgment against the defendants for the amount of said debt, damages and cost "*with legal damages for said default*," the words, "*execute,*" and, "*with legal damages for said default,*" are surplusage, and will not vitiate the proceeding.

6. Where a suggestion is made against a sheriff and his sureties, for a failure of the sheriff to return an execution, the record of the judgment on which such execution issued, though found in the transcript, will not be regarded as a part of it, unless made so by some action of the primary court.

7. When on the trial of a suggestion against a sheriff and his sureties for the failure of the sheriff to return an execution, the defendants neglect to appear and plead, the measure of damages being fixed by the statute, there is no necessity for the intervention of a jury.

8. Where on the trial of a suggestion against a sheriff and his sureties for the failure of the sheriff to return an execution, a jury is impaneled and sworn to assess the damages as well for a failure to "*execute,*" as for a failure to return the execution, and judgment is rendered on the verdict, such judgment is erroneous and cannot be sustained.

Error to the Circuit Court of Franklin.    Before the Hon. D. Coleman.

THIS was a motion by defendants in error against Matthias E. Garey, sheriff of Sumter, and his securities, for the failure of said sheriff to return an execution in favor of said defendants, against James E. and Richard S. Jones. The record contains two notices—the first dated the 2d February, the second the 31st of March, 1842, both returnable to the spring term, 1842, of the circuit court of Franklin. The second notice was executed on the plaintiffs in error, on the 2d April, 1842.    At the October term, 1842, the defendants in error filed a suggestion in said court, against said sheriff and his securities, which recites, that on the 20th May, 1840, an execution issued from said circuit court in favor of defendants in error, against James E. and Richard S. Jones, for $385 62, debt, $57 77, damages, and $14 cost of suit, on a

judgment rendered on the 15th April, 1840, which "execution duly came to the hands of said Matthias E. Garey, sheriff of Sumter county, for whom the other defendants were securities, in his official bond, and that said Garey, sheriff as aforesaid, failed to execute and return it according to law. Whereupon the plaintiffs move and ask for a judgment against said defendants for the amount of said debt, damages and cost, with legal damages for said default, and interest on said judgment to the trial thereof, and the costs of this suit." This motion was regularly continued at the October term, 1842, and for the six succeeding terms. At the spring term, 1846, judgment by default was rendered against the plaintiff's in error. The remaining facts of the case; with the several questions raised by the assignments of error, are fully set out in the opinion delivered by the court.

R. H. SMITH, for plaintiffs in error.

Upon the coming in of the record under *certiorari*, the first assignment of errors is abandoned.

There was no notice of any motion to fall term, 1842. Upon the notice to spring term, 1842, no action was taken, either on the day or during the term indicated, and the notice had spent its force. Armstrong v. Robinson & Barnwell, 2 Ala. Rep. 164, and authorities of our court there cited.

The rule seems to have been intended as a rule for not returning the execution ; and notice not only should have been given, but the act under which this proceeding was had should have been mentioned, or the notice should have been framed with so much particularity as necessarily to point to the act referred to. Hill v. The Bank, 5 Porter, 537 ; McRae v. Colclough, 2 Ala. 74. There was no appearance by Garey to cure the want of notice.

If the rule was for not making the money, notice should have been given. See act of 1841, Clay's Dig. 536, § 14, which in effect provides for notice. But without this statute, and although the act of 1826, Clay's Dig. 218, § 85, is silent as to notice of the suggestion, the law could not contemplate, nor could it constitutionally provide, that the sheriff of Sumter should be tried in Franklin without notice. The true mode of proceeding upon this statute is, it is con-

ceived, that upon the suggestion that the money could have been made, it is the business of the court to order reasonable notice to the sheriff. Kirkman v. Hawkins, 1 Porter, 25.

The judgment on which the rule was based, was rendered on 13th April, and the judgment on rule rendered for an alledged default in respect to a judgment rendered on 15th April. The record on the rule would not bar another recovery, and therefore the rule and the judgment on it are bad.

The death of Prince should have been shown to the court. Richard Prince, security for M. E. Garey, (and I know of no other,) is alive, and a party to the writ of error bond.

Neither the notice or motion indicate with sufficient clearness any particular default, nor for what default the rule was brought. This will readily appear by comparing it with the statutes.

The court, under the statute, should have caused an issue to be made up, and could not render judgment by default. The question for the jury was the [question of default; it was the province of the court to see that notice had been given; the damages were fixed by law, and not for the jury to determine. Yet the jury were not sworn to try the only thing they could try—the default.

The finding of the jury should be a special finding of such facts as made out the liability, as our courts have often decided.

That the judgment is too large will appear by computation. Bondurant v. Lane, 9 Porter, 484.

The fact of suretyship was not for the jury, but for the court. Minor, 376; 2 Ala. 82.

Wм. Cooper, for the defendants.

CHILTON, J.—We cannot regard the notices of the intended motion sent up in this case as constituting any portion of the record. To make them such, they must be refered to in the judgment entry, so as to identify them as part of the record, or be presented by bill of exceptions. Lyon v. The State Bank, 1 Stew. R. 442; Curry v. The Bank of Mobile, 8 Porter, 372; Bates v. P. & M. Bank, Ib· 99; Armstrong v. Robertson & Barnwell, 2 Ala. 167.

Could we look to either of the notices sent up, it is perfectly clear, that as no motion for judgment was made at the term of the court indicated by the notices, they spent their force, and could not authorize the subsequent action of the court. Broughton v. The State Bank, 6 Porter's Rep. 48; Lyon v. The State Bank, 1 Stew. Rep. 442, 470; Armstrong v. Robertson & Barnwell, 2 Ala. Rep. 167.

The motion on which the judgment in this case is predicated was made at the October term, 1842, and regularly continued until the judgment was rendered. The entry recites, that the defendants had notice of the motion, on the 1st April, 1842. We are not allowed to intend that the notice here alluded to was of a motion to be made at a previous term, and which was not in fact made. This would be to indulge a presumption directly opposed to the recital of the entry, and that too for the purpose of reversing the judgment.

It is contended by the counsel for the plaintiff in error, that the suggestion does not, with sufficient certainty, inform the said plaintiff of the matters for which they are sought to be made liable. The suggestion describes the execution, the date of its issuance, and the amount; that it was issued on a judgment recovered in the circuit court of Franklin county, on the 15th of April, 1840, "and which execution duly came to the hands of Matthias E. Garey, the sheriff of Sumter county, and for whom the other defendants were his sureties on his official bond, and which execution the said Garey, sheriff as aforesaid, failed to execute and return according to law; wherefore the plaintiffs move, and ask for a judgment against said defendants, for the amount of said debt, damages and cost, with legal damages for said default, and interest on said judgment to the trial thereof, and the costs of this suit." There are two statutes giving the plaintiff a remedy against the sheriff for failing to return an execution. The act of 1807 authorizes the party injured, upon giving ten days notice, to move the court for a fine against such delinquent sheriff, not exceeding five dollars per month upon every hundred dollars contained in the judgment, &c. Clay's Dig. 217, § 80. The act of 1819 authorizes the party injured to move the court for judgment against the sheriff and his sureties, upon giving three days notice; which judgment, if the de-

fault is fixed upon the sheriff, is to be rendered for the a-
mount of the execution. Minor's Rep. 376; 1 Stew. Rep.
63; 3 Stew. Rep. 134; 5 Porter's Rep. 545-6; Harris v.
Bradford, 4 Ala. Rep. 214. The previons adjudications of
this court require, that in proceeding against the sheriff for
his failure to return an execution, the plaintiff must sufficient-
ly indicate by his notice under which statute he seeks to re-
cover, and that the want of particularity in this respect is fa-
tal. In Hill v. The State Bank, 5 Porter's Rep. 537, the
language of the notice was, " the plaintiff will move the
court for judgment against you, according to the statute in
such case made and provided." This was held insufficient,
as it did not notify the defendant with sufficient precision as
to what was demanded of him. In McRae et al. v. Col-
clough, 2 Ala. Rep. 74, it was held, that a notice informing
the sheriff and his sureties that the plaintiff would move for
judgment against them for the amount of the execution which
was described, and which the sheriff failed to return, was a
sufficient indication that the party was proceeding under the
act of 1819. This last case is in point to show, that the no-
tice in the case at bar, (and which we must intend corres-
ponded with the grounds stated in the suggestion,) was suffi-
cient. The motion is, for judgment for the amount of the
execution, debt, damages and cost, with interest to the trial,
*and the legal damages for the default.* Now the expression
italicised cannot vitiate the notice. At most it is but sur-
plusage, and the notice would be good without it. The
same may be said with respect to the default—" the failure
of the sheriff to *execute* and return the *fieri facias*"—the
word execute is entirely superfluous, and falls within the fa-
miliar maxim, that " *utile per inutile non vitiatur*." Thomas
v. Roora, 7 Johns. 462 ; Com. Dig. tit. Pleader, c. 28; Evans
v. Watrous, 2 Porter's Rep. 205. At most, the plaintiffs by
such averment, that the sheriff failed to *execute*, as well as
return the writ, takes upon him the burthen of proving such
unnecessary averment to be true, and this the record shows
he has done.

The objection by the plaintiffs' attorney, that there is a
variance between the judgment described in the motion and
judgment entry, and that on which the execution issued, in

Garey et al. v. Edwards & Allen.

this, that the motion and entry show the judgment was rendered on the 15th of April, whereas the record shows it was rendered on the 13th of that month, cannot be allowed to prevail. The record of the original judgment forms no part of this cause, and cannot be looked to for any purpose. The authorities cited as applicable to the notice, equally sustain this proposition. 1 Stew. 442; 8 Por. 372; Ib. 99; 2 Ala. Rep. 167.

There remains to consider the points raised upon the judgment entry. This entry shows the defendants below, being called, made default. That the defendants were served with notice on the 1st April, 1842. That Garey was sheriff of Sumter on the 8th August, 1840, and that the defendants were his sureties upon his official bond. That an execution issued 20th May, 1840, (describing it) "returnable according to law," being for $385 62 debt, $55 77 damages, and $14 costs of suit, which was adjudged on the 15th April, 1840, by the circuit court of Franklin, to said plaintiff, and was received by said Garey, as sheriff of said county of Sumter, on the 8th day of August, 1840. That the defendants in the *fi. fa.* had property sufficient out of which the sheriff could have made the money while the writ was in his hands; but that he failed to execute and return said *fi. fa.* according to law. These facts having been ascertained by the court, the entry proceeds: "It is therefore considered by the court, that the plaintiffs recover; but because it is unknown to the court what damages the plaintiffs have sustained by reason of the said M. E. Garey's failure to *execute and return said fi. fa. as the law directs;* thereupon came a jury, viz: Archibald Christian and eleven others, who being elected, impaneled, and sworn, well and truly to assess the plaintiffs' damages, upon their oaths do say," &c. Here follows the same facts found by the court as above stated; and the jury conclude by assessing the plaintiffs' damages at $677 03. The court rendered judgment upon the verdict for the amount so found.

As the defendants failed to appear and plead, there was no issue made up for the decision of a jury, and there was certainly no necessity for submitting to them an inquiry of dam-

ages, since the statute fixes the amount of the plaintiff's recovery, for failing to return an execution by the sheriff.

But if it were permissible for a jury to pass upon the question of damages, the form in which the matter was submitted was improper. They were sworn to assess damages for the default of the sheriff in failing to *execute*, as well as for failing to *return* the writ. Now the statute in the one case gives the plaintiff a right to a judgment against the sheriff and his sureties for the amount of the *fi. fa.*, and in the other (failing to make the money) ten per cent. upon the amount is superadded. The record does not show but that the defendants below were prejudiced by this misdirection of the court.

For for this cause, the judgment must be reversed, and the cause remanded.