# Mitcham & Smith *v.* Moore, Adm'r.

## *Trover.*

1. *Exemption of personal property in favor of widow and minor children; nature of.*—While the right of the widow, or if there be a minor child or children, of the widow and such minor child or children, of a decedent, to an exemption of personal property to the value of $1000 from administration, is absolute and unqualified, it can not ripen into a title to particular property until there has been a selection of such property, thereby individualizing and separating it from the mass or aggregate of the personal property to which the title of the personal representative extends.

2. *Same; selection may be made before or after administration.*—The right to such exemption not depending upon the existence of an administration, and a selection of property as exempt, made by the widow, or by the guardian of the minor child or children, or by appointees of the judge of probate, operating merely to individualize the property to which the exemption attaches, the selection may be made before, as well as after the grant of administration, its validity and sufficiency to pass the title depending on the value of the property selected.

3. *Same; when selection made before administration vests title in widow.* Hence, where the decedent left a widow and minor children, and, before administration, the widow selected certain personal property belonging to the estate, of less value than $1000, as exempt to her and her minor children from administration, the selection was authorized by law and valid, and operated to clothe her, for herself and minor children, with the title to the property selected.

4. *Error in sustaining demurrer to special plea; when presumption of injury prevails.*—Where a demurrer to a special plea is erroneously sustained, the error is without injury and not a cause of reversal, if it appears that the defendant has had, under the general issue, the full benefit which could have been derived from the special plea; but that fact must affirmatively appear from the record, and if it does not, injury will be presumed, thereby causing a reversal.

5. *Growing crop personal property; title of personal representative thereto.*—A growing crop, the product of annual sowing or planting, is personal property, falling strictly under the denomination of emblements, and passes to the personal representative; and his title thereto, without regard to the time of his appointment, has relation to the death of the decedent, enabling him to maintain suits at law against those who may take or convert it in the interval between the death and the grant of administration.

VOL. LXXIII.

[Mitcham & Smith v. Moore, Adm'r.]

APPEAL from Chambers Circuit Court.

Tried before Hon. JAMES E. COBB.

This was an action by R. J. Moore, as the administrator of the estate of James T. Green, deceased, against Mitcham & Smith, to recover damages for the alleged conversion by the defendants of three bales of cotton, assets of said estate ; and it was commenced on 29th September, 1881. The defendants pleaded the general issue, and also filed three special pleas, in each of which they claimed by purchase from Mrs. Sarah A. Green, the widow of said decedent. The averments of the first and second of these special pleas are sufficiently stated in the opinion. The third plea, after alleging that the plaintiff's intestate died in August, 1880, leaving a widow and minor children, and that the defendants purchased the cotton in controversy from the widow, in October, 1880, avers that "said cotton, at the time of the death of said Green, was a part of his outstanding crop, still growing and ungathered, and not severed from the freehold ;" and that no letters of administration were granted on said estate until 10th December, 1880. To each of the special pleas the plaintiff demurred. The grounds of demurrer to the first and second pleas are sufficiently indicated in the opinion ; and those assigned to the third plea are (1) that it does not show that the widow had any right or authority to sell the cotton ; and (2) that it does not deny that said cotton belonged to plaintiff's intestate, and formed a part of the assets of said estate. The court sustained the demurrers to these pleas ; and thereupon the cause was tried on issue joined on the plea of the general issue, the trial resulting in a verdict and judgment for the plaintiff. A bill of exceptions was also taken, in which exceptions were reserved by the defendants to rulings of the circuit court on the admissibility of evidence, and to a charge given, and the refusal of the court to charge as requested by them ; but as these exceptions are not discussed or specifically noticed in the opinion, it is not deemed necessary to set them out in this report.

The rulings of the circuit court on the demurrers to the defendants' pleas are among the assignments of error made in this court.

N. D. DENSON, for appellants. (1) At the time the widow selected the cotton, according to the averments of the first and second pleas, no letters of administration had been granted on the estate of her deceased husband, and, of course, there was no administrator to *permit* her to select. Her act in taking the cotton and appropriating it vested the title in her under section 2825 of the Code of 1876.—*Tucker v. Henderson*, 63 Ala. 280 ; *Henderson v. Tucker*, 70 Ala. 381. (2) The administrator

[Mitcham & Smith v. Moore, Adm'r.]

acquired no title to the cotton. The pleas show that the personal property of said decedent did not amount to more than $1000, and that the widow claimed the cotton as exempt. Exempt property, whether the bounty be·in specific articles, or general, forms no part of the assets of a decedent, but is free from administration. Mrs. Green's act was sufficient to vest her with the title.—Thomp. on Homesteads and Exemptions, § 898; *Hastings v. Myers*, 21 Mo. 519; *York v. York*, 38 Ill. 522; *Kellogg v. Graves*, 5 Ind. 509.

J. R. DOWDELL, *contra*. (1) The special pleas fail to aver that the widow of plaintiff's intestate selected and claimed the $1000 worth of personal property as provided by law; but, on the contrary, shows that she took possession of, and converted the property before the grant of letters of administration. She had no right to take the cotton and sell it, until it had been selected in one of the modes pointed out in section 2825 of the Code of 1876. To hold otherwise, would be to deprive parties in adverse interest to the widow of the right of a contest under section 2841 of the Code of 1876.—See *Tucker v. Henderson*, 63 Ala. 280; *Davis v. Davis*, 63 Ala. 293; *McCuan v. Tanner*, 54 Ala. 84. (2) But even if the court erred in sustaining the demurrers to the several special pleas, it would be error without injury, as the defense set up by each of them was available to the defendants under the plea of the general issue. That they purchased the property from another who had a right to sell, is, in effect, a plea of not guilty.—See *McKenzie v. Jackson*, 4 Ala. 230; *Rake v. Pope*, 7 Ala. 162; *Shehan v. Hampton*, 8 Ala. 942; *Jones v. Ritter*, 56 Ala. 270.

BRICKELL, C. J.—Exemptions of personal property to a widow, or if there be a minor child or children, to the widow and such child or children jointly, are of two classes. First, there is an exemption of designated and specified personal property, without regard to its value, which is absolute and unqualified, and is not, in any event, in anticipation of the distributive share to which either may be entitled on the final settlement and distribution of the estate. The title to this class of exemptions does not vest in the personal representative, and he has no duty to perform in reference to it, other than setting it apart or separating it from the mass or aggregate of the personal property of the decedent. The title to it vests in the widow, or in the widow and minor child or children (if there be such), members of the family of the decedent, *eo instanti*, on his death, by operation of law, without the doing or performance of any act whatever by either of them, unless. there should be grain, stores and provisions, or bedding and household

[Mitcham & Smith v. Moore, Adm'r.]

and kitchen furniture, not necessary for the use and comfort of the family. The purpose of the exemption is not only the sustenance of the widow, or of the minor children, but the preservation from the incidents of administration of such family memorials as are of peculiar value to the family.—Code of 1876, § 2824.

The second class or kind of exemptions is intended only for the maintenance of the widow, or of herself and minor children, after the death of the husband and father, who was under the moral and legal duty of maintaining them. It consists of such personal property (other than that which is specially designated as exempt), not exceeding in value one thousand dollars. The kind or character of the property is not material; the essential element is value. Whatever may be its kind or character, in value it can not exceed one thousand dollars; and the exemption is in anticipation of the distributive share, or of legacies to the widow and minor children, if there be a will disposing of the entire estate.—Code of 1876, § 2825. The right to the exemption is absolute and unqualified, but it can not ripen into a title to particular property, until there is a selection of such property, and thereby it is individualized and separated from the mass or aggregate of the personal property to which the title of the personal representative extends. The laches of the widow, or of the guardian of the minor children, can not operate a waiver or loss of the right. In the event of the failure of both to make the selection, it is the duty of the judge of probate, having jurisdiction of the administration, to appoint three disinterested persons to make the selection and set apart the property selected for appraisement.

The first special plea avers that the widow of the intestate, for herself and minor children, before the grant of administration, selected, as part of the exemption to which they were entitled, the three bales of cotton for the conversion of which this action is brought, and that it is of less value than one thousand dollars. The second special plea avers the same facts, and the further fact, that excepting the property which is specially designated as exempt, the intestate had not personal property of greater value than one thousand dollars. Whether by this selection, the administrator was divested of title to the cotton, and the widow for herself and children was clothed with title, is the question raised by the demurrers to the pleas. The general proposition relied upon by the appellee in support of the demurrer may be conceded. Statutory exemptions of property, either from the payment of debts, or from administration, must be claimed; and if the statute creating the exemption prescribes the mode in which the claim must be asserted, that mode must be pursued. The failure to claim in

35

the mode prescribed is a waiver of the exemption. The rule proceeds upon the hypothesis, that the exemption is not absolute, but is a mere personal privilege which is lost, if by claim it is not attached to specific property.—*Gresham v. Walker*, 10 Ala. 370; *Simpson v. Simpson*, 30 Ala. 225. But the exemption allowed by the statute is absolute, and all that is required to attach it to particular property, is the selection by the widow of such property, or by the guardian of the minor children if she fails to act; or if both fail, by the act of disinterested persons appointed by the judge of probate. The laches of the widow, or of the guardian, will not work a loss of the right, unless joined with it there is a neglect by the probate judge of the duty imposed by the statute. If there should be such individual and official neglect, there being in quantity personal property exceeding in value one thousand dollars, which, in consequence of the neglect, the personal representative subjects to administration for the payment of debts, or to distribution, the exemption would fail because there is no subject-matter to which it could attach.—*Tucker v. Henderson*, 63 Ala. 280; *Henderson v. Tucker*, 70 Ala. 381. But that is not this case. There was a selection by the widow, and the selection necessarily involved a claim to the property, but, as it was before a grant of administration, it is insisted that it was premature and unauthorized. If at the time of the selection there had been an administration, and the cotton had been embraced in the inventory of the personal representative, a case would have been made falling within the precise words of the statute, and in which the statutory mode of selection must have been pursued. The pursuit of that mode would have been necessary to sever the property selected from the aggregate or mass of the personal property of the intestate; and an appraisement by the appraisers of the estate, returned into the court of probate, would have withdrawn it from the inventory of the personal representative, relieving him from liability for it. But the right to the exemption is not dependent upon the existence of an administration. The purpose of making it is the maintenance of the widow and minor children, a purpose which could not often be accomplished, if the right was dependent upon the existence of an administration. The necessities of the widow and children will sometimes require, in order that they be maintained, that a selection of property be made, and the property used, before there can be administration granted. And so it may occur that if there was a grant of administration, the personal property which would pass to the personal representative would not equal the value of the exemption. There would be no duty in reference to it, to be performed by the personal representative, except that of permit-

[Mitcham & Smith v. Moore, Adm'r.]

ting the selection to be made. The grant of administration would be, as to such property, merely formal and ceremonious, creating unnecessary expense, diminishing the value of the exemption. The selection made by the widow, or by the guardian, or by the appointees of the judge of probate, merely individualizes the property to which the exemption attaches. Parties in interest may contest it, and if the property in value exceeds one thousand dollars, the exemption must be reduced until it is within that limitation. The title of the personal representative to the excess would not be affected by the selection, whether it was made before or after the grant of administration. And a selection before a grant of administration, made by the widow, or by the guardian of the minor children, like a selection made subsequent to the grant, depends for validity, and for its sufficiency to pass title, upon the value of the property selected. If it does not exceed the value of one thousand dollars, the property is subject to the selection, the act which is essential to attach to it the right of exemption, and it is not material whether the selection is made prior or subsequent to the grant of administration.

It is insisted for the appellee, that although the demurrers to the special pleas were sustained erroneously, the error is without injury, as the appellants could have had the benefit of the facts stated in them, under the general issue upon which the trial was had. The rule is quite general, that if a demurrer to a special plea is erroneously sustained, the error is without injury and not a cause of reversal, if it appears that the defendant has had, under the general issue, the full benefit which could have been derived from the special plea. But that fact must affirmatively appear from the record, and if it does not, the presumption of injury, arising from error clearly shown, must prevail. *Falls v. Weissinger,* 11 Ala. 801. The fact does not now appear; the bill of exceptions states all the evidence, and none was given of the facts stated in these pleas, nor is it probable that such evidence would have been admitted, if offered.

The demurrer to the third special plea was properly sustained. A crop growing, the product of annual sowing or planting, is personal property; it falls strictly under the denomination of emblements, and as such passes to the personal representative. The title of an administrator in chief to personal property, without regard to the time of his appointment, has relation to the death of the intestate or testator, and he may maintain suits against those who may take or convert such property, in the interval between the death and the grant of administration. *Upchurch v. Norsworthy,* 15 Ala. 705; s. c. 12 Ala. 532.

It is not necessary to notice further the assignments of error; there is no force in the matter of the bill of exceptions. For

the error in sustaining the demurrer to the first and second special pleas, the judgment must be reversed and the cause remanded.