## SIMPSON *vs.* SIMPSON.

[TROVER FOR CONVERSION OF HORSE.]

1. *Exemption law construed.*—Under the Code, (§§ 2462–66,) a verbal claim is sufficient to perfect the right of exemption, though the statutory affidavit is necessary to give an action for damages against the officer ; but, if the property thus claimed as exempt is afterwards sold or exchanged by the head of the family, it immediately becomes liable, in the hands of the purchaser, to be seized and sold under execution against the former owner.

APPEAL from the Circuit Court of Morgan.
Tried before the Hon. JNO. E. MOORE.

THIS action was brought by Abington Simpson against Stephen Simpson, to recover damages for the conversion of a horse, which the defendant had induced a constable to seize and sell under execution against one Baty. At the time of the levy, the horse was in the possession of plaintiff, who had bought him from one Jones, who had procured him from said Baty in exchange for a mare. While the horse belonged to Baty, and was in his possession, a constable levied an execution on him against said Baty, who thereupon claimed him, verbally, under the exemption law, but did not make the statutory affidavit ; and the constable then withdrew the levy. The exchange with Jones was made subsequent to this levy and claim. The court charged the jury, on these facts, "that the horse was not subject to levy and sale against said Baty, and that the defendant was liable for his value." The defendant excepted to this charge, and he now assigns it as error.

THOS. M. PETERS, for appellant.

D. C. HUMPHREYS, *contra*.

RICE, C. J.—Section 2462 of the Code declares, that one work horse "*may* be permanently retained, for the use" of any family in this State, exempt from levy and sale under legal process. The right thus to retain him is not complete, until it is asserted. If it is not asserted before he is sold under execution, it is lost.—Gresham v. Walker, 10 Ala. 370. If it is asserted before he is sold, it thereby becomes complete, and the family cannot afterwards be deprived of his use by a levy or sale under any legal process. But if, after the exemption is thus claimed and becomes complete, he is sold by the head of the family, "and taken possession of by the purchaser," he thereby becomes and "is liable for the debts existing [against the head of the family] at the time the exemption was claimed." As soon as such purchaser deprives the family of the possession of the horse, the owners of such debts may seize and sell him under execution for the satisfaction of those debts. The policy of the law is to secure the continuous use of the exempt property to the family, until it is "taken possession of" by such purchaser, or "abandoned by the family, by the death or dispersion of its members;" but on the occurrence of any of these events, to make such property subject to levy and sale for the satisfaction of such debts as existed against the head of the family at the time the exemption was claimed. Code, § 2464. The provision which denies to the head of the family the power to sell such property, would be vain, if the purchaser from him were permitted to take the possession of it from the family, and hold it exempt from such debts. The law discourages every man from becoming such purchaser, by making the property subject to such debts so soon as he takes possession of it.

Under section 2465 of the Code, the officer "levying on property exempt from execution," is protected from liability "for *any damages therefor*," unless the affidavit therein prescribed is made. But for all other purposes, and against all other persons, the claim of exemption, when made *verbally*,

is as effectual as when made by such an affidavit. The failure to make that affidavit is a bar to one remedy, to-wit, to the action against the officer for "damages" for "levying" on the property; but it does not take away or bar any other remedy, nor give validity to his sale, if, before that sale was made, there was a verbal claim of the exemption of the property, and the claim was authorized by the existing facts. The making of the affidavit is not one of the facts necessary to make any property exempt from levy and sale. That affidavit is only necessary to give the action for damages against the officer for levying.

The charge of the court is erroneous; and therefore, the judgment is reversed, and the cause remanded.