## COOK *vs.* BAINE.

[TRESPASS AGAINST SHERIFF, BY PURCHASER FROM DEFENDANT IN EXECUTION.]

1. *Right of defendant in execution to sell or exchange property exempt from levy and sale.*—The act of Feb. 14, 1854, (Session Acts 1853-4, p. 242,) repealing section 2464 of the Code, also repealed the prior act of Feb. 7, (*ib.* 69,) amendatory of said section; and the repeal of these statutes removed all restrictions on the right of the defendant in execution to sell or dispose of property exempt from levy and sale.

2. *What property is exempt from levy and sale.*—If the defendant in execution, being the head of a family, owns but one horse, and no mule or oxen, the horse is exempt from levy and sale under execution, (Code, § 2462,) although said defendant also owns slaves.

3. *Action by purchaser of exempt property, against officer making levy.*—A purchaser from the defendant in execution, of property exempt from levy and sale, may maintain an action against the sheriff, for a subsequent levy and sale, without making the affidavit required by the statute (Code, § 2466) from the defendant in execution.

APPEAL from the Circuit Court of Choctaw.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by William A. Baine, against John P. Cook, to recover damages for the tortious seizure and sale of a horse, &c. and was commenced on the 25th March, 1859. No pleas appear in the record. The bill of exceptions is as follows, "On the trial of this cause, there was proof tending to show, that the plaintiff purchased

the horse in controversy, with his wife's money, from one W. D. Henson, to whom said horse belonged at the time of said purchase; that said Henson then resided in this State, and was a man of family, and had no other horse, nor any mule or oxen, but had negroes; that the defendant, who was the deputy sheriff of said county, had an execution in his hands against said Henson before and at the time of said purchase by plaintiff, and afterwards levied said execution on said horse; that the horse was a work-horse; that said Henson, after the sale to the plaintiff, removed from the State, with his property; and that no claim was made for said horse, under the provisions of the exemption law. The court charged the jury, among other things, that if there was an execution in the defendant's hands against Henson, and said Henson was then a man of family, and resided in this State, and had a work-horse, and no other horse, nor any mule or oxen, and sold said horse to plaintiff before the levy of said execution,—then, under these circumstances, there was no lien on the horse in the hands of the plaintiff; and if the defendant afterwards levied on the horse, he would be a trespasser, as against the plaintiff, although no claim of exemption, by affidavit or otherwise, was made by the defendant in execution." The defendant excepted to this charge, and he now assigns the same as error.

G. F. SMITH, for appellant.

T. B. WETMORE, contra.

STONE, J.—The legislation of the session of 1853-4, in regard to property exempt from execution, is somewhat confused. Two several statutes were passed at the same session, bearing on section 2464 of the Code.—See Pamphlet Acts 1853-4, pp. 69 and 242. Section 2464 of the Code had provided, that "neither the head of the family, nor any member thereof, has the power to sell or dispose of the property thus exempt from sale or levy; and if sold and taken possession of by the purchaser, or if abandoned

by the family, by the death or dispersion of its members, is liable for the debts existing at the time the exemption was claimed." The act approved February 7th, 1854, (Acts, 69,) declared, "that section 2464 (of the Code) be so amended, that the head of any family may exchange the property reserved for the use of said family, for property of like kind, or for other property exempt from sale or levy, without subjecting said property to sale or levy in the hands of the transferree." Then came the act approved February 14, 1854, which declared, "that section 2464 of the Code of Alabama be, and the same is hereby, repealed." Pamphlet Acts 1853–4, 242.

It will be seen that the act of February 7th, 1854, was but a modification of section 2464 of the Code. It only removed some of the restraints which the Code had imposed on the power to *sell and dispose* of property exempt from *sale or levy*. It might appropriately appear as a proviso to section 2464 ; thus limiting the operation of the restricting clause. In such case, its language would be, "*provided, that the head of any family may exchange any property reserved for the use of said family, for property of like kind, or for other property exempt from sale or levy, without subjecting said property to sale or levy in the hands of the transferree.*" The second section of the act of February 7th was but an amendment of section 2464 of the Code, and had no field to operate upon, except that which had been occupied by that section. It follows that, when section 2464 of the Code was repealed by the later statute of February 14, the second section of the act of February 7th had nothing to operate upon, and fell also. This presents the question for our decision, freed from the provisions and restrictions which section 2464 of the Code had imposed.

[2.] This suit was for wrongfully taking and disposing of a work-horse, the alleged property of Mr. Baine. The seizure complained of was a levy on the horse by Mr. Cook, as deputy sheriff, under an execution against one Henson. Henson had owned the horse while the execution

was in the hands of the sheriff; and the horse was thus liable to the execution, unless section 2462 of the Code protected him from levy and sale. Henson, during the time the execution had been in the sheriff's hands, was a citizen of Alabama, the head of a family, and owned no other horse, mule or oxen. It is thus clear that the said work-horse was exempt from levy and sale all the time he was owned by Mr. Henson; and the law imposed no restraint on his right to sell and dispose of him.—See Code, § 2462, subd. 3.

[3.] Mr. Baine, then, by his purchase, became the rightful owner of the horse; and there was no lien upon the property, which followed it into his hands.—See *Simpson v. Simpson,* 30 Ala. 225. Can he maintain this action for damages against the officer for making the levy? Section 2465 of the Code enacts, that "no sheriff, or other officer, levying on property exempt from execution, is liable for any damages therefor, unless the defendant, or some other person for him, make affidavit that the property about to be levied on is exempt from execution, and exhibit the same to such sheriff or officer." The question arises, does this section of the Code bear on this case, or is it confined in its operation to cases in which the defendant in execution is the plaintiff? We confess we find difficulties in any solution we may give of this question. We hold, however, that its language confines it to cases of suits by the party in whose favor the exemption is claimed. The affidavit is required to be made by *the defendant, or some other person for him;* and when the affidavit is made, and delivered to the officer, he is required to *deliver the property, on demand, to the defendant.*—Code, § 2466; Acts 1853-4, p. 69. Under these views, it was not necessary to the maintenance of this action, that affidavit should be made pursuant to section 2465 of the Code.

Judgment affirmed.