## GAMBLE *vs.* REYNOLDS.

[ACTION AGAINST SHERIFF FOR SELLING EXEMPT PROPERTY.]

1. *Property exempt.*—Where R., "head of a family," owns two mules and no horse or pair of oxen, and *fi. fas.* from a justice's court are levied upon one of them, "Kit ;" and on the same day a *fi. fa.* from the circuit court against said R. is placed in the hands of the sheriff ; and after the levy as aforesaid, R. agrees with a third party, that if said party will satisfy the justice's *fi. fas.,* he shall have the mule "Kit ;" and the said party satisfies said *fi. fas.,* and afterwards exchanges "Kit" for the other mule belonging to said R. ; and the mule "Kit" is afterwards taken and sold by the sheriff under the circuit court *fi. fa.,* notwithstanding the said R. made claim and affidavit that she was exempt under the statute,—*held,* that the mule "Kit," under the circumstance, is exempt from sale under the circuit court *fi. fa.,* and that the sheriff is liable to this action.

2. *Damages ; action for.*—Before "head of a family" can bring an action for damages against the sheriff, for selling property exempt by law, it

Gamble v. Reynolds.

must be shown that the affidavit prescribed by the statute, had been duly made by him and exhibited to the officer.

APPEAL from the Circuit Court of Henry.
Tried before the Hon. HENRY D. CLAYTON.

THIS was an action by Reynolds against Gamble, in the court below, to recover damages for the conversion of a mule by the said Gamble. The facts were as follows: Reynolds was head of a family, and owned two mules only and no horse or pair of oxen. There were sundry judgments in a justice's court against him, upon which executions had been issued, and were levied on 20th August, 1866, on the mare mule "Kit." On the same day, 20th August, 1866, a certain execution against said Reynolds, was issued upon a judgment in the circuit court of Henry county, and placed in the hands of the said Gamble, who was then sheriff of said county, and was levied on the same mule "Kit," on the 17th September, 1866. After the levy of the *fi. fas.* from the justice's court, and before the levy of the *fi. fa.* from the circuit court, Gamble made an agreement with one Davis, by which Davis was to satisfy the *fi. fas.* levied on the mule "Kit," and in consideration thereof, to have the mule. These *fi. fas.* were satisfied by Davis, who then took possession of the mule "Kit," and afterwards exchanged her with Reynolds for his other mule, called in the record the "young mule." After this, the mule "Kit" was levied upon and sold by Gamble, as sheriff, under the *fi. fa.* from the circuit court. Reynolds, before the sale, made claim to "Kit," as being exempt by law, and made affidavit to the fact, as required by law. The other facts in the case and charges of the court will sufficiently appear from the opinion of the court. There was a verdict and judgment below in favor of Reynolds, for the value of the mule.

W. C. OATES, for appellant.

JUDGE, J.—The appellee was entitled to have exempted from levy and sale under execution, " one work horse or mule, or one pair of oxen." It does not appear that he

had a horse, nor a pair of oxen, but he had owned two mules, one of which he disposed of before the levy, in payment of executions against him from a justice's court; so that he owned, at the time, but the mule levied on. The appellee, therefore, was not in a condition to elect which of the two mules he would retain as exempt from the levy, even though the executions were liens upon both. The adjudications of this court heretofore made, we think, show that the appellee had the right to claim as exempt, the mule levied on.—*Calloway v. Carpenter et al.*, 10 Ala. Rep. 500; *Ross v. Hannah*, 18 Ala. 125.

The charge of the court that it was not necessary that the appellee should have interposed his claim to the mule, as exempt property, neither in writing nor orally—"that it was not necessary that he should have interposed any claim at all, as the exemption was for the benefit of the family," was erroneous. Section 2465 of the Code protects the officer, levying on property exempt from execution for the use of the family, from liability for any damages therefor, unless the affidavit prescribed by said section is made, and exhibited to the officer. It was held in *Simpson v. Simpson,* 30 Ala. 225, that a verbal claim is sufficient to perfect the right of exemption, though the statutory affidavit is necessary to give an action for damages *against the officer;* and such is the present action. In *Cook v. Baine,* 37 Ala. 350, it was held that the statute applies only to cases where the suit is by the party in whose favor the exemption is claimed; and that the affidavit is not necessary, in an action *by the purchaser* from the defendant in execution. But it clearly appears from the record of the present case, that the necessary affidavit *was* made in due time, and exhibited to the officer. As to this, there was no question or controversy in the court below. The officer, who is the present appellant, admitted it in his testimony. The charge of the court, therefore, was clearly error without injury, which can not work a reversal of the judgment.

Judgment affirmed.