## BELL *vs.* DAVIS.

[HOMESTEAD EXEMPTION—NOTICE.]

1. *Homestead exemption; notice of must be given to the proper person.*—The benefit of the homestead law, which secures to the head of a family real property to the value of five hundred dollars, exempt from execution, is lost, if the exemption is not brought to the notice of the proper person before the sale. The fact that the defendant in execution did not know of the levy can not affect the principle.

APPEAL from Circuit Court of Jackson.
Tried before Hon. W. J. HARRALSON.

THE plaintiff (appellant in this court) instituted his suit in the court below to recover of the defendant (appellee) two lots in the town of Stevenson, Alabama, on the 31st August, 1860. It appeared on the trial, that the plaintiff having obtained several judgments against the defendant, in a justice's court, had executions therefrom levied on said lots, then occupied and owned by the defendant, and having made a motion to the circuit court for the sale of said real property, on the 27th of September, 1859, obtained an order for the sale of the property, and in pursuance of the order, the sheriff sold the same, and the plaintiff became the purchaser. The defendant was the head of a family, and at the date of said order of the circuit court, (27th September, 1859,) was in possession of said property. The said lots were not worth over $500, and were the only real property owned by the defendant. He, the defendant, had no knowledge of the levy and sale of said lots, and did not notify the sheriff of his claim to the homestead, in said land, nor did he see the sheriff, or plaintiff, and claim them as exempt from levy and sale, as the head of a family, in the State of Alabama, nor was the defendant present at the sale made by the sheriff. The court charged the jury, that the defendant had the right to make his claim at any time, as well after sale, under execution, as before, and to this charge the plaintiff excepted. There was a verdict and judgment for the defendant. The plaintiff appealed, and assigned among other errors the said charge of the court.

ROBINSON & WALKER, for appellant.
WALKER & BRICKELL, contra.

A. J. WALKER, C. J.—The court below erred in charging the jury, that the title to land does not pass by an execution sale, if the land was exempt, notwithstanding the defendant set up no claim to the exemption until after the sale. We think it very clearly deducible from the home-

stead law, that its benefit is lost if the exemption is not brought to the notice of the proper person before the sale.—(Revised Code, §§ 2880, 2881; *Simpson v. Simpson,* 30 Ala. 225; *Gresham v. Walker,* 10 Ala. 270.) The fact that the defendant in execution did not know of the levy can not affect the principle.

Reversed and remanded.