# Martin *v.* Lile.

### *Statutory Action in Nature of Ejectment.*

1. *Bankruptcy; lien of attachment levied more than four months before.*—An adjudication of bankruptcy does not destroy or affect the lien of an attachment levied more than four months prior thereto : the debtor's title to the property passes to the assignee as he himself held it—that is, subject to the lien of the attachment ; and the court in which the attachment suit is pending may, notwithstanding the bankruptcy, proceed with the suit, and enforce the lien by any appropriate process which does not involve a personal judgment against the bankrupt.

2. *Homestead exemption; allowance by District Court in bankruptcy, in lands subject to attachment lien.*—The allowance of a homestead exemption by the District Court in bankruptcy, in lands which, though included in the bankrupt's schedule, were subject to the lien of an attachment levied on them more than four months prior to the adjudication in bankruptcy, and which were afterwards sold under the judgment in the attachment suit, operates only on such claim and interest in the land as passed to the assignee, and can not prevail against a purchaser under the judgment in attachment.

3. *Same; how waived, or lost.*—When an attachment is levied on lands, the right to a homestead exemption in them must be claimed and asserted before

[Martin v. Lile.]

the lands are sold under final process on the judgment in the attachment suit, or it is waived and lost.

4. *Same; occupancy.*—A homestead exemption can not be claimed in lands which are not in the actual occupancy of the debtor as a residence.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. LOUIS WYETH.

This action was brought by Thomas Lile, against James L. Martin, to recover the possession of a certain tract of land in said county, together with damages for its detention; and was commenced on the 1st August, 1877. The land had be-. longed to George W. Drake, and both parties claimed under him; the plaintiff, by purchase at sheriff's sale, under a writ of *venditioni exponas,* issued on a judgment in an attachment case against said Drake, and a subsequent deed from the assignee in bankruptcy of said Drake; and the defendant, under a conveyance from said Drake, who claimed it as his homestead exemption under an order of the District Court in bankruptcy allowing it to him. The material facts, affecting each of these titles, are stated in the opinion of the court. In the court below, the facts were agreed on, and reduced to writing; and the court, "being required to charge the jury on the effect of the evidence," instructed the jury that, on the agreed facts, they must find for the plaintiff. This charge, to which the defendant excepted, is now assigned as error.

BRANDON & JONES, for the appellant, cited *Steele v. Moody,* 53 Ala. 418, and cases there referred to.

CABANISS & WARD, *contra,* cited *May v. Courtney, Tenant & Co.,* 47 Ala. 185; *Ray v. Norsworthy,* 23 Wallace, 128; *Steele v. Moody,* 53 Ala. 423; Bump on Bankruptcy, 8th ed., 152, 510.

STONE, J.—Attachments against the property of Drake were levied on the lands in controversy, more than four months before he, Drake, was adjudicated a bankrupt on his own petition. The attachments were never dissolved, nor does it appear there was any ground for their dissolution. After Drake was adjudged a bankrupt, Bradley, his assignee, was substituted in his place as defendant in the attachment suits; and long after Drake's discharge in bankruptcy, judgments were recovered in said attachment suits, not against Drake personally, but ascertaining the amounts due, and condemning the lands to sale in payment thereof. Under orders of sale issued on said judgments, the sheriff sold the lands, and Lile, plaintiff in this action, became the purchaser, and received a deed from the sheriff. Drake interposed no claim of homestead exemption in the attachment suits and

[Martin v. Lile.]

proceedings, and it does not appear that he ever was in the actual possession of the lands.   He did not personally occupy them when the attachments were levied, or at any time afterwards.   They were in the possession of his tenants, he residing in another county.

The defendant, appellant here, makes title as follows: When Drake filed his petition in bankruptcy, he rendered in the lands in controversy in his schedule of assets, and filed therewith his claim to have the said eighty acres set apart to him under the statutes of the State.   It is not shown that, in such schedules and surrender, any mention was made of the attachments which had been levied on the land; and it is not shown that the plaintiffs in those attachment suits were brought before the court in bankruptcy, or had any notice that Drake had claimed, or would claim, a homestead exemption in the lands so resting under the lien of an attachment levy.   The homestead exemption, so claimed by Drake, was allowed him by the District Court, sitting in bankruptcy. Drake conveyed to Martin, the defendant in this suit, who held possession by his tenant, when this suit was brought. Subsequent to Lile's purchase at sheriff's sale, Drake's assignee released to him, by quit-claim deed, all the interest which he, as assignee, held in said lands.

" The levy of an attachment creates a lien, in favor of the plaintiff, upon the estate of the defendant so levied on, from the levy."—Code of 1876, § 3280.   True, this lien is not always effective.   If the plaintiff fails to obtain a judgment in the suit in which the levy is made, the lien is lost.   When, however, he does prosecute his suit, so commenced, to a judgment in his favor, the lien is preserved, and dates from the levy.   The bankrupt law, speaking of the effect of the assignment by the register to the assignee, of the bankrupt's effects, declared, that " such assignment shall relate back to the commencement of the proceedings in bankruptcy, and, by operation of law, shall vest the title to all such property and estate, both real and personal, in the assignee, although the same is then attached on mesne process as the property of the debtor, and shall dissolve any attachment made within four months next preceding the commencement of the bankruptcy proceedings."—Rev. Stat. U. S. § 5044.   Under this statute, the uniform ruling has been, that " no attachment, made prior to the period of four months next preceding the commencement of proceedings in bankruptcy, is dissolved.   Not being dissolved, it remains in full force.   When the attachment is so made prior to that time, the debtor's title to the property attached passes to the assignee, subject to the creditor's lien acquired by virtue of such attachment.

Vol. LXIII.

The lien may be enforced by any requisite proceedings therefor, which do not involve a judgment *in personam*. A judgment only to be enforced against the property attached, but not to be enforced against the person of the defendant, or any other property, may be entered, even though a discharge has been granted, and is pleaded in bar of the action."— Bump on Bankruptcy, 9th ed., 507.

In *Crowe v. Reid*, 57 Ala. 281, we held, "The lien of an attachment, levied on real estate, more than four months prior to an adjudication in bankruptcy, and of executions issuing from the courts of the State, were not impaired or destroyed, but were preserved by the bankrupt law; that creditors could, after bankruptcy, enforce such liens through the medium of the process of the State courts having jurisdiction." After collating many decisions of the Supreme Court of the United States, bearing on the question, we said further, "There is not discoverable any suggestion countenancing the proposition, that an adjudication in bankruptcy strips other tribunals of jurisdiction already existing, and transfers to the court of bankruptcy exclusive jurisdiction of the estate of the bankrupt." And we decided that the lien in that case, which dated before the adjudication in bankruptcy, was not affected by such adjudication; and the title acquired under the lien, although acquired under proceedings in the State court, was allowed to prevail against any and all claim of the assignee.

These authorities conclusively show, that when Drake became a bankrupt, only such interest as he then held in the lands in controversy vested in his assignee. The interest he then held and owned, was only the residuum left, after satisfying the attachment lien, afterwards enforced against it. All else was in the custody of the State court, by virtue of the attachments levied more than four months before that time. The sale of the entire property under the attachment liens fell far short of paying the judgments recovered in those suits; and hence nothing of value in that land really passed to the assignee.

We hold, that the homestead claim of Mr. Drake, allowed by the court in bankruptcy, was valid against, and only valid against such claim as the assignee in bankruptcy had to the land. This, we have shown above, was nothing. This claim rests on section 2880, Revised Code. Under that statute, to assail the claim of Lile in the present suit, it was necessary to show that Drake had successfully interposed his claim of homestead *in the State court*, and *before the sale was made*. Homestead exemption is a mere privilege, which may be waived, and which is waived, if not claimed according to law.

[Fore v. Hibbard.]

Moreover, Mr. Drake not residing on the land he claimed as homestead, his claim, if he had made one, should have been disallowed.—*Kaster v. McWilliams*, 41 Ala. 302; *Bell v. Davis*, 42 Ala. 460; *McConnaughy v. Baxter*, 55 Ala. 379; *Preiss v. Campbell*, 60 Ala. 635.

The judgment of the Circuit Court is affirmed.