# Sherry *v.* Brown.

## *Trial of Right of Homestead Exemption.*

1. *Homestead exemption; waiver of right.*—When an execution from a justice's court is levied on land, in default of personal property, and the papers are thereupon transmitted by the justice to the next term of the Circuit Court, as required by the statute (Code, § 3638), a claim of homestead exemption, if not made before the justice, must be interposed before an order of sale is granted by the Circuit Court (*Ib.* §§ 2830-33), or it will be held to have been waived.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. LOUIS WYETH.

DAVID P. LEWIS, for appellant.

HUMES & GORDON, contra.

SOMERVILLE, J.—In this case, Brown recovered judg-
ment against Sherry, before a justice's court, upon which ex-
ecution was issued, and, in default of personal property, the
process was levied by the constable upon certain real estate
claimed by Sherry as a homestead, and a return thereof
made to the justice, who transmitted all the papers in the
case to the ensuing term of the Circuit Court of Madison
county, as required by the statute.—Code, 1876, § 3638.
Upon the cause coming to be heard, the court, on the motion
of the plaintiff, directed a sale of the land for the satisfaction
of the judgment. The judgment entry recites, that the pro-
ceedings before the justice were regular, and established a
judgment against the defendant, issue of execution, and levy
on land for want of personal property, and notice thereof,
and that *no sufficient objection was made* to the granting of the
motion by the court.—Code, § 3640.

*After the order of sale was made,* the defendant made an affi-
davit, and interposed a claim of exemption to the property
levied on; which was contested by plaintiff in the manner
prescribed by section 2830 of the Code, an issue made up,
and the process was returned by the sheriff to the Circuit
Court. Upon the trial, the court ruled, that the defendant
had *waived his right of exemption,* by failing to file his claim,
properly verified by affidavit, with the constable who made
the levy, and *before the order of sale* was granted. The cor-
rectness of this ruling is the only question raised for our con-
sideration by the record.

The Code provides, that "in *no case* shall the trial of the
right of homestead be had before a judge of probate, or *jus-
tice of the peace,* but, if a contest arise under section 2830, con-
sequent on the levy on lands claimed as homestead, of process
returnable to a Probate Court, or justice of the peace, the
same shall be returnable to the *next term of the Circuit Court*
of the county, and there tried as in other contests before the
court."—Code, § 2838. An issue is required to be made up
and tried, as in other cases, at " the *first term* of the court to
which the process is returnable."—*Ib.* This is the term to
which the justice is required to submit " *all* the papers in the
cause," in every instance where there is a levy made on land
under execution issued from his court.—Code, § 3638. The
Circuit Court is authorized to direct a sale of the land, if "no
*sufficient* objection is made."—*Ib.* § 3640. Taking all the sec-
tions of the Code *in pari materia* together, we think the legis-

[Phillips, Burtoff & Co. v. Wade.]

lative intention can be perfectly harmonized, by so construing them as to require the *claim of exemption* to be presented by way of contest, as *sufficient objection* to the *granting of the order of sale by the court.* The affidavit of exemption should have been filed by the defendant before the justice's court, and returned to the ensuing term of the Circuit Court, with the other papers in the cause; and the issue should have been then and there made up and tried, before the order of sale was made. Having failed to do this, the opportunity tendered by the statute was gone, and the right of exemption was waived. Homestead exemptions, as well as exemptions of personal property, have always been construed by our courts as mere personal privileges, which may be, and are held to be waived, unless claimed at the time, and in the manner prescribed by law.—*Martin v. Lile,* 63 Ala. 406; *Daniels v. Hamilton,* 52 Ala. 105; Thompson on Homestead & Ex. § 646; *Bell v. Davis,* 42 Ala. 460.

We find no error in the rulings of the Circuit Court, and the judgment is affirmed.