[Clark v. Spencer.]

# Clark *v.* Spencer.

*Statutory Real Action in the Nature of Ejectment.*

| 75 | 49 |
|----|-----|
| 98 | 446 |

| 75 | 49 |
|----|-----|
| 99 | 415 |

| 75 | 49 |
|-----|-----|
| 100 | 241 |

| 75 | 49 |
|-----|-----|
| 107 | 197 |
| 107 | 207 |

| 75 | 49 |
|-----|-----|
| 111 | 655 |
| 112 | 309 |

1. *Contest of exemptions; by what law governed.*—Although the statute, after making express provision for determining the question of exemptions against debts contracted prior to the adoption of the Constitution of 1868, and against debts contracted since April 23d, 1873, fails to make any provision for determining such question as to debts contracted between those dates, harmony of proceedings requires that the courts should treat this as an accidental legislative oversight, and that, since the approval of the act of February 9th, 1877, the same mode, method and remedy should be observed in all cases of asserted homestead and other exemptions.

2. *Lien of execution; when continuity of not broken.*—Where executions have been regularly issued on a judgment, without the lapse of an entire term, the continuity of the lien is not broken by the fact that an execution issued on the judgment, which was so irregular, informal and imperfect that it would have been quashed on motion, was returned by the order of the plaintiff, and, on the same day, another execution, curing the defects of the first, was issued.

3. *Claim of exemption under sections 2828–29 of the Code; how made.*—Where the claimant of an exemption seeks to conform to sections 2828 and 2829 of the Code of 1876, he should be governed, in the quantity and value of property he selects, by the date of the debts, against which he claims exemption; and if he owes debts falling within more than one of the classes recognized by the statute, he should, in his declaration and claim, specify what property he selects under each one of the classes.

4. *Same; when claim not void, though insufficient as against debt sought to be collected.*—A declaration claiming a tract of land in the country, containing *eighty-eight* acres, of less value than $2000, as a homestead exemption, made and filed in the office of the judge of probate in due form, and in conformity to the provisions of section 2828 of the Code, being valid as against debts contracted after April 23d, 1873, is not void, although it is insufficient as against debts contracted prior to that date, and after the adoption of the Constitution of 1868, in that it does not select and designate which eighty of the eighty-eight acres are claimed.

5. *Same; should be contested, though insufficient as against debt sought to be collected.*—The declaration of exemption in such case not being void, although insufficient as against debts contracted after the adoption of the Constitution of 1868, and before the 23d April, 1873, before an execution issued for the collection of a debt of that class is levied on the property claimed, the plaintiff should contest the claim as provided in section 2830 of the Code of 1876 ; and a levy and sale made without such contest are irregular, and the levy may be quashed and the sale arrested or set aside, on timely application properly made.

6. *Claim of homestead exemption under section 2834; when should be allowed though defendant has conveyed the property.*—The defendant in execution having, in addition to such declaration, also lodged with the sheriff, after levy and before sale, a declaration under section 2834 of the Code of 1876, setting forth that, at the time of the rendition of the judg-

4

[Clark v. Spencer.]

ment, he owned and occupied as a residence the eighty-eight acres of land levied on, and continued to occupy them as a homestead until a designated time after the lien had attached, when he sold and conveyed them, and the purchaser had ever since owned and occupied them as a residence, and that the said land was worth less than $2000, and, as vendor of the purchaser, he claimed the land as exempt from levy and sale under execution; and to this claim the purchaser having appended an affidavit, also claiming the land as exempt under the defendant's claim of exemption, and adding a description of eighty acres of the land which he selected in the event he was entitled to only eighty acres, *it was further held,* that this claim of exemption should have been allowed to prevail, if not successfully controverted; and that, the sheriff having disregarded it, and sold the land without a contest, the sale was irregular.

7. *Sale of homestead under execution after claim filed; when irregularities in, no defense to an action of ejectment.*—The levy and sale made under the execution, while irregular, are not void, nor can they be collaterally impeached; and hence, such irregularities constitute no defense to an action of ejectment by the purchaser, claiming under a conveyance made in pursuance of the levy and sale, the sale and conveyance not having been set aside.

APPEAL from Greene Circuit Court.

Tried before Hon. S. H. SPROTT.

The facts are sufficiently stated in the opinion.

JAMES B. HEAD, for appellant.—(1) After the declaration of homestead was filed and recorded, the land claimed became *prima facie* a valid homestead against any execution for debt, particularly, executions issued on judgments rendered subsequent to the time the declaration was filed. This *prima facie* showing can be overcome by no other mode than that prescribed by the statute.—Code, §§ 2830, 2831, 2838. And the burden of proof is on the creditor to show the claim is invalid. *Ib.* § 2838. Section 2830 imperatively forbids the levy of *any* execution, attachment, or other process for debt, upon the land embraced in the declaration; hence, the leviable quality of the land is destroyed, and the power of the sheriff, as the agent of the law, to sell and convey is suspended until the land is condemned to sale by the circuit court, as provided by section 2838. The proposition of the appellee is, that the machinery provided by the Code for ascertaining exemptions has no application to cases in which, on the final trial of the question of the validity of the homestead, it is found, from the weight of the evidence, that the debt was contracted between the ratification of the Constitution of 1868, and April 23d, 1873. It is evident the remedial provisions of the homestead act, contained in the Code, were not intended to be thus limited. It is true the *rights* of exemption given by that act apply only against debts contracted since April 23d, 1873, and before the adoption of the Constitution of 1868, but the machinery provided necessarily applies in all cases. It is not

[Clark v. Spencer.]

required that the declaration shall schedule the claimant's creditors, or give the dates of the debts. A general declaration, selecting and setting forth the property claimed, is all that is required. Section 2830, prohibiting a levy, is *general*, and applies expressly to *all process* for the collection of debt, without regard to whether the *right* of exemption is to be determined by the statute or by the Constitution. The purpose of the statute was to provide a speedy and efficient mode of determining all questions of exemptions in advance of a sale by the sheriff, and thereby prevent the sacrifice of property and avoid the many and perplexing difficulties which embarrass trials in ejectment, of which this record presents a fit illustration. See *Block v. Bragg*, 68 Ala. 291; *Kelly v. Garrett*, 67 Ala. 309; *Blum v. Carter*, 63 Ala. 235. The sheriff disregarded the plain letter of the law, and was a mere trespasser. (2) It is true that if a person permits the sale of his homestead, *without objection*, he waives it; but this is upon the principle of *implied consent—acquiescence.* But it can not be said with any show of reason, that when he actually claims and forbids the sale of that which he is entitled to, and more besides, he thereby *consented* to the sale of the *whole*, simply because he claimed more than it was afterwards ascertained he ought to have claimed. (3) The plaintiff in ejectment must be entitled to recover, not only at the commencement of the suit, but also at the time of the trial; and it is competent for the defendant —he being the defendant in execution—even on the trial, to select the homestead, if he had claimed and forbidden the sale of more than he was entitled to. (4) If the land was Spencer's homestead when he sold to Allen, then no claim of exemption by Spencer was necessary afterwards; but the purchaser can defend upon the homestead right of the vendor. *Cook v. Baine*, 37 Ala. 350; *Fellows v. Lewis*, 65 Ala. 348; *Steele v. Moody*, 53 Ala. 418. (5) The lien of Clark's execution was lost, as against Allen, by his order to the sheriff to return the execution. See *Carlisle v. Godwin*, 68 Ala. 137.

G. B. MOBLEY, *contra.*—(1) The law of the Code, title 6, part 2, chapter 1, does not apply to, or operate upon exemptions given by the Constitution of 1868. As to the debt, for the collection of which the execution in this case was issued, there is no provision of law authorizing appellant to file a declaration and claim of homestead. The filing of the claim, therefore, was a nullity, and conferred no rights upon him. The law in the Code, sections 2820 *et seq.*, was designed to inaugurate a new system as to the *quantum*, value, manner of claiming and manner of setting apart exempt property. This system was designed only to apply to, and operate upon debts

contracted after April 23d, 1873.—Code, § 2820. It was then made to apply to debts contracted before the Constitution of 1868 became operative, " as to the mode, *method,* and remedy of asserting, ascertaining and determining the same."—*Ib.* § 2844. But now'iere is this system made to apply to debts contracted between the adoption of the Constitution of 1868, and 23d April, 1873. The sale by the sheriff was, therefore, regular. (2) The Constitution requires the homestead to be *selected,* and if not selected before a sale, the claim comes too late.—60 Ala. 548; 62 Ala. 44; 63 Ala. 406; 67 Ala. 573; *Ib.* 558. As against the debt sought to have been collected in this case, Spencer could claim only eighty acres, and when he claimed the whole tract of eighty-eight acres, he failed to select the eighty acres he would claim. The claim of homestead lodged with the sheriff was long after the lien of appellee's execution had attached. It was fatally defective.—63 Ala. 235; 62 Ala. 393; 60 Ala. 548. This was not done until after the sale to Mrs. Allen, and then it was done in her interest. The claim of a homestead exemption is a personal privilege, and the selection must be made by the defendant in the process. No provision is made for the claim of the homestead, and its selection, by and in favor of his alienee. (3) Spencer having failed to select and identify the homestead prior to the sale to Mrs. Allen, nothing remained in him after the sheriff's sale except a bare equity to have the homestead ascertained, if that; and this equity can not defeat ejectment.—*Snedecor v. Freeman,* 71 Ala. 140.

STONE, J.—There are three systems of homestead and other exemptions in force in this State, dependent on the time the debt or debts were contracted, against which the exemption is claimed. First, when the debt or debts to which the property is sought to be made subject, were contracted before the Constitution of 1868 became operative. The extent and value of the exemptions under this class are governed by " the statute law which was of force when such debt or demand was contracted."—Code of 1876, § 2844; Code of 1867, §§ 2880 to 2884. Second, when the debt or debts were contracted between the time the Constitution of 1868 went into effect, and the 23rd day of April, 1873. These are governed by the Constitution of 1868, as to their extent and value. Third, when the debt or debts were contracted after April 23rd, 1873. These are governed in their extent by the act of that date, and by the act approved February 9th, 1877.—Pamph. Acts, 32. By the last named act—§ 2844 of the Code—it was declared that in case of debts contracted before the State Constitution of 1868 became operative, the mode, method and remedy for as-

serting, ascertaining and determining the claim of exemptions shall be the same as are provided in chapter 1, title 6, part 2 of the Code, commencing with section 2820. It will be observed that while this enactment makes express provision for determining the question of exemptions against debts falling within the first and third of the above classes, it does not mention the intermediate class—that of debts contracted between the time the Constitution of 1868 went into operation and April 23rd, 1873. an interval of nearly five years. We think harmony of proceedings requires that we should treat this as an accidental legislative oversight; and that after the enactment of the statute of February 9th, 1877, the same mode, method and remedy shall be observed in all cases of asserted homestead and other exemptions.

In a chancery suit in which Thomas C. Clark was complainant and John P. Spencer and others were defendants, instituted in the Chancery Court of Greene county, Clark recovered a money decree against said Spencer at the July term, 1879. The debt on which that decree was recovered was incurred in 1871. The terms of the Greene Chancery Court were then holden on the first Mondays in January and July.—Pamph. Acts, 1878–9, p. 99. On the 22nd day of October, 1878, Spencer, while the chancery suit was pending against him, made a declaration in writing, sworn to, in which he claimed his homestead, consisting of eighty-eight acres, as exempt from execution. The claim was in all respects formal and valid against debts contracted after April 23rd, 1873. The claim was of the entire tract, without any selection of eighty acres, or a less quantity. This declaration was duly filed with the judge of probate on the day it was made, and was duly recorded.

The first execution issued on the decree bore date October 22nd, 1879, and on the same day was received by the sheriff. This execution was made returnable on the first Monday in January, 1880, and was returned January 2nd, 1880, indorsed, "Returned for an *alias.*" No steps were taken preliminary to the issue of this execution, nor at any other time under section 2830 of the Code. The second execution was issued and received by the sheriff January 5th, 1880. This was made returnable the first Monday in June, 1880, and, on 12th January, was levied on the lands in controversy. It was returned June 2nd, 1880, indorsed "levy discharged on claim of exemption filed." We suppose this has reference to the claim of exemption filed and recorded in October, 1878, noticed above. The third execution was issued December 2nd, 1880, returnable fourth Monday in January, 1881. This execution came into the hands of the sheriff December 3rd, 1880,

and was returned by him "No property found," January 25th, 1881. The fourth execution is very informal and imperfect. Its date appears to be March 17th, 1871. It is made returnable (blank) Monday in (blank). It was received by the sheriff March 25th, 1881, and, April 14th, 1881, was again levied on the lands in controversy. On the 6th June, 1881, this execution was returned, with the sheriff's indorsement, "Returned for *alias pluries* by order of plaintiff." On the same day, June 6th, 1881, the fifth execution was issued and received by the sheriff. This execution was made returnable the first Monday in September, 1881. On the day this execution went into the hands of the sheriff—June 6th, 1881—another attempt was made to claim the property as exempt. Spencer made a new declaration on oath, setting forth that at the time said decree was rendered, he owned and occupied as a residence the eighty-eight acres of land levied on, and he continued to occupy them as a homestead until March 6th, 1880, when he sold and conveyed them to M. J. Allen, who has, ever since, owned and occupied them as a residence; that the said eighty-eig9t acres are worth less than two thousand dollars; and, as the vendor of said Allen, he claims that said lands are exempt from levy and sale under said execution. Mrs. Allen appended to this affidavit her claim to said land, as exempt under Spencer's homestead exemption, and added to it the following clause: "If she, the said Allen, is entitled under the exemption law to only eighty acres of said land, then she selects and claims all of said land except eight acres off the north end of said eighteen acre piece, described as lying in the south end of the east half of the southeast quarter of section 33, township 23, range 1, east." This claim was immediately lodged with the sheriff, and was the first time a selection was made limiting the quantity to eighty acres. The sheriff disregarded this claim, and on the first Monday in August sold the property, and Clark became the purchaser, receiving the sheriff's deed. He thereupon instituted this suit, which is a statutory real action for the recovery of the property.

Leaving out of view, for the present, the question of homestead exemption, it can not be gainsaid that the plaintiff acquired and retained a lien on the land in controversy from the time the first execution went into the hands of the sheriff, October 28th, 1879, until the sale was made by the sheriff, August, 1881, unless the return of what we have called the fourth execution, made as it was by order of plaintiff, broke the continuity of the lien. Excluding that execution entirely from the file and from consideration, there was not a lapse of an entire term between the return of one execution, and the receipt of another by the sheriff.—Code of 1876, § 3211. It

[Clark v. Spencer.]

is, however, contended for appellant that the plaintiff destroyed his lien in this case, by himself ordering the return of the execution. This is a misapprehension of the principle, which rests for its support on the voluntary interference of plaintiff, by which delay is granted to defendant.—*Albertson v. Goldsby*, 28 Ala. 711; *Carlisle v. Godwin*, 68 Ala. 137. The execution in this case was grossly irregular and imperfect, and would have been quashed on motion. It is shown, too, that indulgence or delay was neither granted nor contemplated; for the very day on which the execution was returned by order of plaintiff, another one was issued and placed in the hands of the sheriff. There is nothing in this objection.

We have shown above that before the plaintiff acquired any lien in this case by placing execution in the hands of the sheriff, Spencer, as whose property the lands were afterwards sold, had made his declaration in writing, and had it recorded, claiming the exemption of the said eighty-eight acres of land, as his homestead. There was no contest of the validity of that claim, as provided by section 2830 of the Code. The plaintiff procured the levy to be made, and the sale and conveyance to be perfected, without making any oath, or giving any bond, to contest the first claim, and without filing any contest to the second claim. In fact, no contest was ever had of the validity of either claim, as provided in the act approved Feb. 9, 1877. Each of these claims of exemption was offered successively in defense of this action, and each was, in effect, ruled to be insufficient.

Sections 2828 and 2829 of the Code of 1876 provide for a declaration of claims of homestead, exempt from legal process, and for having the same recorded. And section 2830 declares that " after the filing of such declaration and claim for record, no exqution, attachment or other process for debt shall be levied on such property, unless the plaintiff, his agent or attorney, contest the validity of such claim in whole or in part," in the manner pointed out in said section. The claim interposed in this case was sufficient in form, and, so far as we can perceive, was every way valid and formal, against debts contracted after April 23d, 1873. It was not, then, void, but was insufficient against debts contracted before that time. As to the debt on which plaintiff obtained his decree, being contracted between the time the Constitution of 1868 went into effect, and April 23d, 1873, it was insufficient, in that it did not select and designate which eighty of the eighty-eight acres, the occupant claimed. When the claimant of exemption attempts to conform to sections 2828 and 2829 of the Code, he should be governed, in the quantity and value of property he selects, by the date of the debts against which he claims exemption.

*Randolph v. Little*, 62 Ala. 396; *Block v. Bragg*, 68 Ala. 291. And if he owes debts falling within more than one of the classes, then he should, in his declaration and claim, specify what property he selects under each one of the classes. We do not mean to say he should file a schedule of his debts. Sufficient if he say, as to debts contracted between the time the Constitution of 1868 went into operation, and April 23d, 1873, he selects and claims the following: (not exceeding eighty acres); and so on, for each class of debts he may owe.

The declaration and record of claim in this case, being only applicable to debts contracted after April 23d, 1873, was it necessary to controvert that claim before having execution levied? The declaration, as we have shown, was not void. It was valid as to one class of debts. To maintain uniformity and harmony of practice, we hold that before having the property levied on, the plaintiff should have contested the same, as provided in section 2830 of the Code. This preliminary step should be taken, whenever the declaration, claim and record are valid and sufficient as to any class of debts, against which exemptions are allowed. The execution should not have been levied in this case, and consequently the levy and sale were irregular. But we do not think they were void. They were only irregular. On timely application the court would have arrested the sale and quashed the levy; and would set aside the sale on timely application properly made. It can not be declared void on collateral attack.—*Masters v. Eastis*, 3 Por. 368; *Abercrombie v. Connor*, 10 Ala. 293; *Ware v. Bradford*, 2 Ala. 676; *Mobile Cotton Press v. Moore*, 9 Por. 679; *McCaskell v. Lee*, 39 Ala. 131.

To give harmony to our various rulings, and to give effect to the exemptions secured by our Constitution and statutes, we feel constrained to hold that the second claim of exemptions should have been allowed to prevail, if not successfully controverted. We have held in various forms that exempt property is not subject to legal process; and that any attempt to alienate the homestead, that does not conform to the statute, is so far inoperative, that, without prior selection, a subsequent conveyance which conforms to the Constitution and statute, will vest in the second grantee a good title as against the first. So we have held that in proceedings against sheriffs for not making money on executions, it is a sufficient defense if he show affirmatively that the property, for not selling which he is sought to be made liable, was, in value, within the limit the statute permits the defendant to claim as exempt. This, when there has been no claim in fact asserted. So, when a debtor has aliened his property without valuable consideration, even though there has been no formal claim of exemption, if the

[Clark v. Spencer.]

property was within the statute, and could have been claimed
as exempt, a creditor can not complain of this as fraudulent,
for the obvious reason that it simply disposed of property he
could not subject, and therefore the conveyance did him no
harm.—*McGuire v. Van Pelt*, 55 Ala. 344; *Fellows v. Lewis*,
65 Ala. 343; *Wilson v. Brown*, 58 Ala. 62; *Daniels v. Hamil-
ton*, 52 Ala. 105; *Cook v. Baine*, 37 Ala. 350; *Bell v. Davis*,
42 Ala. 460; Thompson on Homestead, § 646; *Union Bank
of Tenn. v. Benham*, 23 Ala. 143; *Steele v. Moody*, 53 Ala.
418.   True, if the defendant knowingly permit his property
to be seized and sold, without interposing his claim to its ex-
emption, he will be held to have thereby waived his right to
claim, and would not be heard afterwards to complain.   This
rests on the principle that exemption is a privilege which may
be waived, and is waived if not properly asserted.   There is
no incompatibility between this principle, and that stated
above.—*Martin v. Lile*, 63 Ala. 406; *Sherry v. Brown*, 66
Ala. 51; *Block v. George*, 70 Ala. 409; *Henderson v. Tucker*,
*Ib.* 381; *Gresham v. Walker*, 10 Ala. 370; *Bell v. Davis*, 42
Ala. 460.

We have said the levy in this case was irregular, and the
sale made was also irregular; and each should have been
quashed, if moved for in time.   Whether it is now too late to
make such motion, we do not determine.   Nor do we doubt
that if a sheriff refuse to receive a claim of exemption, prop-
erly interposed, and to take the necessary steps prescribed by
the Code, §§ 2834 *et seq.*, he may be coerced to do so by *man-
damus*.   What we do decide is, that these were mere irregu-
larities which can not be inquired into, or set aside collaterally.
The levy, sale and conveyance devested the legal title, and put
it in Clark, the plaintiff.   He, therefore, was armed with a
title which would support ejectment, and the irregularities
mentioned above were no defense to that action, while the sale
and conveyance stood.   See authorities *supra*.

Lest what is said above may be misconstrued, we will add
that the principles here declared are applicable to suits, where
there have been a levy, sale and conveyance under execution,
not preceded by any valid claim of exemption, filed and
acted on.   These steps being taken, and not set aside, we hold
a purchaser has such legal title as will prevail at law.   A dif-
ferent rule may, and probably would prevail, if there had been
no levy and sale, and therefore the statutory provisions for in-
terposing and contesting exemption claims can not be made to
apply.   If the question were raised on the sufficiency of a
conveyance to carry the title to a homestead, and suit were
brought based on such conveyance, we are not prepared to say
the homestead might not then be selected from a larger tract,

and a defense to the action, *pro tanto*, made good. This question does not arise in this case.

We need not consider the various rulings of the circuit court. None of them did, or could do the appellant any injury; for the defendant had nothing he could urge against the title shown by plaintiff.

Affirmed.