# Stanley *v.* Ehrman.

83　215!
107　221
83　215
113　302

*Action against Husband and Wife, for Necessary Family Supplies Sold and Delivered.*

1. *Homestead exemption; when claimed by wife, or waived.*—In an action against husband and wife, on an account for necessary family supplies sold and delivered (Code, § 2711), a claim of homestead exemption

|Stanley v. Ehrman.]

by the wife, if not interposed before the rendition of judgment, in which is incorporated an order for the sale of her lands as described in the complaint, will be held to have been waived.

APPEAL from the Circuit Court of Chilton.
Tried before the Hon. JAS. W. LAPSLEY.

WATTS & SON, for appellant.

W. A. COLLIER, contra.

CLOPTON, J.—The action is brought by appellee, to recover of appellants, who are husband and wife, a sum claimed to be due for articles of comfort and support of the household. The jury having returned a verdict in favor of the plaintiff, finding the amount due, and that the land described in the complaint was the statutory separate estate of the wife, and was liable for such amount, the court rendered a personal judgment against the husband for the amount, and made an order requiring the sheriff to sell so much of the land as may be necessary to satisfy the amount found by the jury to be due, and the costs of the suit.

In actions like this, the inquiries necessarily submitted to the jury have reference to the sum due, the personal liability of the husband, and the liability of the property described in the complaint as the statutory separate estate of the wife. The charge requested by the defendant would have restricted the jury to one of these inquiries, the liability of the husband. A personal judgment was not rendered against the wife, as counsel claim.

After the rendition of the judgment and the order of sale, the wife filed a claim of homestead exemption. Exemptions from sale under legal process for the collection of debts, have always been regarded as personal privileges, and held to be waived, unless claimed in proper time and manner. Had a valid claim of homestead exemption been made in the suit during its progress, and before the order of sale, it would have been sufficient to defeat the order of sale; but, if not made until after the order of sale, it will be held to have been waived. The claim came too late.—*Sherry v. Brown*, 66 Ala. 51; *Randolph v. Little*, 62 Ala. 396.

Affirmed.