# Leslie, Adm'r *v.* Tucker, Adm'r.

| 57 | 483 |
| 116 | 567 |

*Petition in Probate Court by Administrator, to have One Thousand Dollars of Personal Property of Intestate Set Apart as the Widows' Exemption.*

1. *Exemption allowed widow; when her rights vest in her personal representative.*—Under the provision of the "act to regulate property exempted from sale for payment of debts," approved April 23, 1873, the exemption conferred vests in the widow upon the death of the husband leaving no children, and at her death her rights devolve upon her personal representative.

2. *Same; duty of probate judge to have same set apart on petition, &c.* If selection has not been previously made, it is the duty of the probate judge, upon application by the widow's personal representative, to appoint suitable persons, under section 13 of the act, to select and set apart the exempt property from the husband's estate, and the appraisement thus made, must be returned by the husband's administrator to the Probate Court.

3. *Same; duties devolve on probate judge; what decree will not support appeal.*—The duties imposed and powers conferred by section 13 of the act of April 23, 1873, devolve upon the probate judge, and not upon the court; and a decree of the Probate Court in the matter of allotting such exemptions, is *coram non judice,* and will not support an appeal.

4. *Mandamus; when proper remedy.*—If the probate judge refuses to act and allow the exemptions under section 13 of said act, the remedy is by mandamus from the Circuit Court to compel him to do so.

APPEAL from the Probate Court of Monroe.

In the matter of the petition of J. W. Leslie, administra-·tor, &c., the following proceedings were had. Said administrator, upon demurrer sustained to the original, filed the following amended petition :

"State of Alabama, Monroe county. To the Hon. W. C. LOWELL, Judge of the Probate Court of said county : Your petitioner, John W. Leslie, who is the administrator *de bonis non* of the estate of Mary J. Henderson, deceased, late of said county, represents unto your honor that letters of administration on the estate of said Mary Henderson were granted by said Probate Court to M. E. Rawls on the 15th day of March, 1875, and that said M. E. Rawls filed in said Probate Court her written resignation as such administratrix on December 13, 1875, and on the 10th of January, 1876, made a final settlement of her said administration ; and that on the 19th day of June, 1876, your petitioner was appointed administrator *de bonis non* of the said Mary Jane Henderson, deceased ; that Willis R. Henderson, who was a resident of said county at and before his death, departed this life intestate, on or about the 14th of October, 1874, leaving personal property to the value of about one thousand dollars, which went into the possession of one James H. Tucker as administrator of the estate of said Willis R. Henderson, deceased, as is shown by the appraisement of property returned into said Probate Court ; that said James H. Tucker was appointed such administrator by said Probate Court on November·· ber 2, 1874. Your petitioner further represents that said Willis R. Henderson, deceased, left surviving him his widow, the said Mary J. Henderson, who died about four or five days after her said husband ; that the only heirs at law of said Mary J. Henderson, and distributees of the estate, are Georgia Rawls and Jesse Rawls, minors, who were at the death of said Mary J., and still are, under the age of twenty-one years ; they being respectively the niece and nephew of" said Mary J. Henderson. Petitioner further alleges that said personal property to the amount of one thousand dollars, left by said Willis R. Henderson, was, and is, by law, exempt from administration for the payment of debts for the benefit of the widow of said W. R. Henderson ; that at the death of said Willis R. Henderson, said property vested in said· widow, and she was entitled to the same. Your petitioner further represents that at the time of the death of said intestate, Mary J. Henderson, she had not selected the personal property so exempt for her benefit, nor had the same

[Leslie, Administrator v. Tucker, Administrator.]

been set apart to her, as by law required, but your petitioner avers that the right and title to said personal property was vested in her at and before her death; that the former administrator of said widow did not receive or obtain possession of said property, or any part thereof, or its value in money, and that petitioner, as the administrator *de bonis non* of the estate of said Mary J. Henderson, is entitled to have and receive said property, or its value in money. Your petitioner further alleges that said Willis R. Henderson left no children. The premises considered, your petitioner prays your honor to select three proper persons to appraise and set apart one thousand dollars worth of the personal property left by said Willis R. Henderson, deceased, if so much there be, in accordance with the statute in such cases made and provided; and to make such other order in the premises as your honor may deem proper, under the facts and circumstances as herein set forth. And as in duty bound, your petitioner will ever pray, &c. Dated this, 12th day of September, 1876."

The said petition as amended came up to be heard with the following demurrers thereto: *First,* that the petition fails to show what has been done or become of the said personal property of the estate of the said W. R. Henderson, deceased; whether the same, or any or what part thereof, remains unsold in possession or control of said Tucker as administrator aforesaid. *Second,* that all of the second paragraph of the petition, except the first four lines thereof, are allegations of matters of law, and not of fact; mere conclusions of law. *Third,* that a part of the third paragraph, from the words " as by law required," to the words, " her death," inclusive, are allegations as to matter of law, and not of fact. *Fourth,* that the petition, although defective, shows on its face, that no right of property vested in said Mary J. Henderson before her death, and consequently no right thereto has accrued to the petitioner as her administrator. *Fifth,* that the petition, though defective, sets forth enough to show that the Probate Court now has no jurisdiction of the matter or cause. *Sixth,* the allegations of fact set forth in the petition show that the prayer of the petition is impracticable, and beyond the jurisdiction and powers of the Probate Court to comply with or carry it out. *Seventh,* the petition fails to show that this Probate Court now has jurisdiction of the matter, or jurisdictional power to entertain or grant the relief prayed.

Upon consideration thereof, after hearing argument, the following judgment was rendered: " The court is of opinion

486    SUPREME COURT OF ALABAMA.

that the fourth demurrer (the first demurrer above set out),. is not well taken, and the same is hereby overruled. And it is considered by the court that the fifth, sixth, seventh,. eighth, ninth and tenth demurrers (the second, third, fourth, fifth, sixth and seventh demurrers above set out), are well taken, and it is ordered that the same be and they hereby are sustained; and the plaintiff excepts to said ruling. It is further ordered, that the petition be dismissed at the costs. of petitioner." Said judgment is now assigned as error.

R. C. TORREY, for appellants.

J. W. POSEY, contra.

No briefs came to Reporter.

MANNING, J.—The facts set forth in the amended peti- tion in this cause, show a case which imposes on the judge of probate the duty of designating three disinterested persons to make selection of the personal property that was of the late Willis Henderson at the time of his death, that should be exempt for the benefit of the widow who survived. him. This is required by section 13 of the act "to regulate property exempted from sale for the payment of debts," approved April 23, 1873. There being no minor child of the deceased, the rights of the widow were, when she died, devolved on the administrator of her estate.

An appraisement of the property selected, as made by the appraisers of the estate, should be returned by the administrator of the deceased husband's estate to the Probate Court,. in order that its records may show what portion of the estate has been thus withdrawn from administration. But according to the recent ruling of this court in David's Administrator v. David (56 Ala. 49), the Probate Court, as such, had no jurisdiction of the petition by which the proceedings. were initiated, those proceedings were coram non judice,. and the decree therein was not a proper subject for the ex- ercise of the appellate authority of this court. The remedy,. consequently, if any be required, would be by mandamus. from the Circuit Court to the judge of probate.

It is, therefore, ordered that the appeal be dismissed.