# Tucker *v.* Henderson's Adm'r.

*Trover for Conversion of Exempt Personal Property.*

1. *When trover lies.*—To maintain the action of trover, the plaintiff must have the legal title, general or special, to the chattel sued for, and the right to its immediate possession. A partial or equitable interest, a lien not created by a conveyance of the legal title, or by delivery of possession, or a right to a part of an unsevered bulk, will not support the action.

2. *Same ; exemption of personal property for benefit of decedent's widow.*—The act "to regulate property exempt from sale for the payment of debts," approved April 23, 1873 (Sess. Acts 1872-3, p. 64), exempted from liability for the debts of the deceased husband, in favor of his surviving widow, "personal property to the value of one thousand dollars" belonging to his estate ; and this right accrued to the widow on the death of the husband, although she only survived him a few days. But the statute did not vest in her the title to any specific property, as so exempt : until a selection was made by her, the personal representative, or commissioners appointed by the judge of probate, she had no title to any specific property, for which she could maintain trover against the husband's administrator; nor could her personal representative maintain such action.

APPEAL from the Circuit Court of Monroe.
Tried before the Hon. JOHN K. HENRY.

J. W. POSEY, for the appellant, cited *Rottenbury v. Pipes*, 53 Ala. 450 ; *McCuan v. Tanner*, 54 Ala. 85 ; *Alabama Conference v. Vaughan*, 54 Ala. 445 ; 7 U. S. Digest, 267, 277, and cases there cited ; Thompson on Homesteads and Exemptions, § 943, and authorities there referred to.

[Tucker v. Henderson's Adm'r.]

C. J. Torrey, *contra*, cited *Leslie v. Tucker*, 57 Ala. 483 ; *Ex parte Reavis*, 50 Ala. 210; *York v. York*, 38 Illinois, 522 ; *Hastings v. Myers*, 21 Mo. 519 ; *Taylor v. Taylor*, 53 Ala. 135 ; Thompson on Homesteads and Exemptions, §§ 734, 898.

STONE, J.—The present suit is an action of trover, brought by the administrator of a surviving widow, against the administrator of her husband's estate, and seeks to recover for the conversion of the personal effects of the deceased husband, of the value of one thousand dollars, claimed to be exempt from the payment of debts, under the act "To regulate property exempted from sale for the payment of debts," approved April 23, 1873.—Pamph. Acts, page 64. Mr. Henderson, the husband, died October 14th, 1874, and Mrs. Henderson, the widow, died October 18th, 1874—four days afterwards. They left no children, or lineal descendants. Administration was appointed on the estate of Mr. Henderson soon after his death ; and there was returned an inventory and appraisement of the personal estate and effects, showing a valuation of something over one thousand dollars. An order to sell these personal effects was applied for and obtained ; and soon afterwards the administrator of Henderson sold the personal chattels for cash. The amount of this sale, together with the sum realized from the credits to which he succeeded as administrator, was less than one thousand dollars. No steps were taken, either by Mrs. Henderson, the widow, or by her administrator, or by the administrator of Mr. Henderson, to select and set apart for the widow the one thousand dollars worth of personal property exempt from administration, until the present claim was asserted. This money, proceeds of sale and collections, was disbursed, soon afterwards, in payment of Henderson's debts, before any claim was asserted to it by the widow, or her administrator. Henderson's administrator was appointed November 2d ; the order of sale granted November the 9th, and the sale of the personal property made December 1st, 1874. The entire sales and collections amounted to seven hundred and eleven dollars.

On the 8th day of December, 1874, administration was taken out on the estate of Mrs. Henderson ; but the administratrix "never made any demand, or instituted or set up any claim to any of the personal property left by said Willis R. Henderson, deceased, as exempt to her intestate from the debts of said W. R. Henderson, deceased, either in said Probate Court, or otherwise." On the 11th December, 1875, the administratrix of Mrs. Henderson resigned her administration, and made her final settlement in February, 1876.

In June, 1876, Leslie, general administrator for the county, and plaintiff in this action, was appointed administrator *de bonis non* of Mrs. Henderson's estate, and afterwards "made a demand of said James H. Tucker, administrator aforesaid, for one thousand dollars worth of personal property left by said decedent, W. R. Henderson, as exempt to him, Leslie, as the administrator of Mary J. Henderson, deceased, she not having received the same, or any part thereof, during her life." He failed to obtain the property, or its proceeds; Tucker having sold the property, and applied the proceeds to Mr. Henderson's debts. Leslie then applied for, and obtained from the Probate Court, the appointment of three commissioners to select and set off to his intestate's estate one thousand dollars worth of personal property of her husband's estate, as exempt from administration, for her benefit as surviving widow. In February, 1877, the commissioners applied to Tucker, as administrator, for property from which to make the selection and allotment, and failed to obtain any property, or the proceeds thereof; he having, as before stated, sold all the personal property, and disbursed the proceeds. The present action of trover was brought in March, 1877; and the question arises, has the plaintiff shown such title and right to the possession as will maintain the action?

1. To maintain the action of trover, the plaintiff must have the legal title, general or special, of the property sued for, and the right to the immediate possession of *the thing* alleged to have been converted.—2 Greenl. Ev. § 636; *Stodder v. Grant*, 28 Ala. 416; *McNutt v. King*, 59 Ala. 597. A partial or equitable interest, a lien not created by a conveyance of the legal title, or by delivery of possession, or a right to a part of an unsevered bulk, does not confer a right to the immediate possession, and will not support the action of trover.—*Magee v. Billingsley*, 3 Ala. 679.

2. The right of the plaintiff to maintain the present action depends on the proper construction of sections 3 and 13 of the act approved April 23, 1873.—Pamph. Acts, 64. Section 3 declares, that "personal property, to the value of one thousand dollars, of any resident of this State, after his death, shall be exempt from the payment of debts; *Provided*, such decedent leaves surviving him a widow or child." The language of section 13 is, "That whenever an executor or administrator makes out an inventory of the estate of any decedent, who left surviving him a widow or minor child, it shall be his duty to permit said widow, or the guardian of such child or children, if there be no widow, or she does not act, to select the property exempt from administration for the payment of debts; and if neither the widow (n)or guar-

[Tucker v. Henderson's Adm'r.]

dian make such selection, then three disinterested persons, to be selected by the judge of probate, must make such selection, and set apart the same ; and the same must be appraised by the appraiser (s?), and the appraisement thereof returned to the Probate Court, with the appraisement of the residue of the estate. Such property vests in such widow, and child or children, share and share alike."

Mr. Henderson left a widow, but no child or children, surviving him. It is clear that the widow, surviving her husband as she did, was entitled to have set apart for her this thousand dollars of personal property, exempt from administration for the payment of her deceased husband's debts. She comes directly within the letter of the statute, and the fact that she survived her husband only four days can not vary the question. But we do not think the statute vested the title in her by its unaided force. Either she, or her personal representative, must have made the selection, or commissioners, appointed by the judge of probate, must have done so, before the right to the possession of specific property could vest in her, or her estate. It was possibly the duty of Mr. Henderson's administrator, to apply for, and have commissioners appointed for the purpose, when the widow and her administrator failed to make the selection ; but we leave that question open, until its decision becomes necessary. Till the selection was made, in one of the modes pointed out in the 13th section of the act, no such title and right to the possession vested in Mrs. Henderson, or her administrator, as will maintain the action of trover.—See *Ex parte Reavis*, 50 Ala. 210.

It will be observed, that this is not an action for money had and received. Had it been, we would have felt it our duty to consider the case of *Hastings v. Myers*, 21 Mo. 519, as bearing on it. Neither is it a case of specific property exempt from administration, which requires no act to vest the title in the widow.—See *Carter v. Hinkle*, 13 Ala. 529 ; *York v. York*, 38 Ill. 522. We base our opinion on the nature of the claim—a right to elect, under the provisions of the statute—which, as we have shown, fails to give a right to specific property, until one of the modes of selection has been pursued.

The rulings of the Circuit Court are not in harmony with our views ; and its judgment is reversed, and the cause remanded.