# Kelly, Ex'r, v. Garrett, Ex'r.

*Petition by Executor, in Probate Court, to have Homestead Set Apart for Minor Heirs.*

1. *Creditor; is person in adverse interest in proceeding to set apart exemptions for minor heirs.*—When commissioners, appointed at the instance of the personal representative, by the Probate Court, to set apart property as exempt for the benefit of the minor children of a decedent, make their report, a creditor is a "person in adverse interest," and may file written exceptions to the allowance of the claim.

2. *Report of commissioners to set apart homestead; when error to confirm.*—When on the day that a petition was filed by an executor to set apart property as exempt for the benefit of the minor heirs of a decedent, commissioners were appointed for the purpose, who reported ten days thereafter, an order of the Probate Court confirming their report on the same day, is unauthorized and should be vacated on motion.

3. *Same; jurisdiction of the Probate Court to try exceptions to* —As the statutes require the issue.formed on exceptions to such a report to be certified to the Circuit Court for trial, and expressly prohibit the Probate Court from exercising jurisdiction to try the right of homestead, its proceedings on the trial of such exceptions, are *coram non judice*, and absolutely void.

4. *Exemptions against creditors; by what law determined* —The right to a homestead, or other exemptions, as well as their value and extent, are determined, as against creditors, by the law which was of force when the debts were contracted, but the proceedings for their allotment may be regulated by a subsequent law.

5. *Domicil of child determined by domicil of father.*—The domicil of the father during his life, is also the domicil of his infant child, and the latter does not lose his right to claim property as exempt to him on the death of his father, although, at that time, he is in another State attending school.

[Kelly, Ex'r, v. Garrett, Ex'r.]

APPEAL from Coosa Probate Court.

Heard before Hon. JOHN S. BENTLEY.

On October 5th, 1877, Elmore Garrett, as executor of the last will of William Garrett, deceased, filed his petition in the Probate Court of Coosa county, where the administration of the estate of said William Garrett was pending, praying that a homestead, and other exemptions, be set apart to his minor heirs. The executor alleged in his petition, that William Garrett left certain real property, which is described therein, upon which the homestead of the family was situated; that the testator left surviving him, two children under twenty-one years of age, Lewis C., and Phineas Garrett; that the last will of William Garrett had been duly admitted to probate, and that the petitioner was proceeding to administer his estate under the provisions of his will. The petition averred that the infant children were entitled to a homestead of one hundred and sixty acres of land, and prayed that three disinterested persons should be appointed, under the sixteenth section of the act of April, 1873, as commissioners to set apart a homestead for said minors. On the filing of said petition, the court made an order appointing the commissioners; and on October 5th, 1875, issued to them a commission directing the amount of property to be set apart to said minor heirs. On the 15th of October, 1875, at a "special term," the Probate Court confirmed the report of the commissioners, which set apart to the minor heirs one hundred and sixty acres of land, not exceeding in value $2,000, and certain personal property, not exceeding $1,000 in value. On the 18th of December, 1875, John B. Kelly, as executor of the will of James A. Kelly, deceased, filed a motion to set aside the order confirming the report of the commissioners. This motion stated that at the time of the death of William Garrett, in August, 1876, he was indebted to Jas. A. Kelly, appellant's testator, to the amount of $500, which was evidenced by a promissory note, due December 18, 1867, for that amount, which was under seal, and on which there were credits, leaving the amount still due thereon about $500; that he was a party in adverse interest, and moved to set aside the order confirming the report of the commissioners, because, 1. It was made before the expiration of ninety days from the time of the appointment, or report of the commissioners. 2. Because it was made at a "special term" of the Probate Court, and was, and is, void. J. B. Kelly, as executor, also filed exceptions to the report of the commissioners on the ground: 1. That one of the heirs for whose benefit the petition was filed, was of full age when the petition to set apart the exemptions was made. 2. That the other heir

for whose benefit it was filed was a non-resident of Alabama. 3. That the homestead and exemptions were set apart by the commissioners under the act of 1873, and were in excess of the amount of such exemptions in force on December 18th, 1867, when the debt due James A. Kelly was contracted. Upon the filing of this motion, and said exceptions, a citation was issued to Elmore Garrett as executor, who appeared, and an issue being made up between him and J. B. Kelly, as executor, the Probate Court, on June 10, 1878, proceeded to hear and determine said motion and exceptions. It was proven that J. B. Kelly, as executor of the will of Jas. A. Kelly, was a creditor of the estate of William Garrett, to the amount, and in the manner stated in his motion and exceptions; that Phineas Garrett left Alabama about four years before his father's death, and had not been in the State since that time. The testimony also showed that said Phineas was at school in another State, and that his father retained control over him. The Probate Court rendered a decree overruling the motion to set aside the order confirming the report of the commissioners, and "overruled each and every one of the exceptions filed by said J. B. Kelly," who excepted "separately and severally to this action of the court." The errors assigned are the rendition of the decree, and the overruling the motion, and the exceptions filed by appellant.

LEWIS E. PARSONS, Jr., for appellant.—A creditor is a person "in adverse interest," and within the terms of the statute allowing such persons to file written exceptions to the report of the commissions to set apart property as exempt.—*Smith v. Phillips*, 54 Ala. 8. Appellant being entitled to file the exceptions his motion should have been granted.—*Curtis v. Williams*, 33 Ala. 370. The report of the commissioners was confirmed by the Probate Court on the same day it was made, when, by the very terms of the statute, the appellant was allowed ninety days in which to file exceptions. The order was prematurely made and should have been vacated. It was not grantable as of course, and was void because it was made at a special term of the court, to which it was not made returnable, and to which it had not been adjourned. *Boynton v. Nelson*, 46 Ala. 501. The debt due appellant's testator was contracted in 1867, and the allowance of the exemptions was made under the act of 1873. In the case of *Gunn v. Barry*, 15 Wall, 610, the Supreme Court of the United States held that the provision of the constitution of Georgia increasing the amount of exemptions after the debt was contracted, which was sought to be enforced, was void. This authority is binding on this court. The law in force

when the debt was contracted governs the exemptions. *Anthony v. Anthony*, 55 Ala. 344. There was no statute in force at the time of the death of Wm. Garrett, August, 1876, (*Cowles v. Marks*, 55 Ala.) which allowed exemptions against the debt due appellant's testator. The exceptions to the report of the commissioners should have been certified to the Circuit Court; the Probate Court had no jurisdiction to try them.—Code 1876, §§ 2841, 2838.

F. L. SMITH, for appellee.—The allowance of the exemptions on this case were governed by the statute of April 23, 1873. The family of Wm. Garrett are certainly entitled to an exemption of some property, and in determining what should be allowed them the court is governed by the law in force at the death of the parent.—*Taylor v. Pettus*, 52 Ala. 287 ; *Taylor v. Taylor*, 53 Ala. 135 ; *Ruttenberry v. Pipes*, 53 Ala. 447. Exemption laws should be liberally construed. *Webb v. Edwards*, 46 Ala. 11.

SOMERVILLE, J.—This is a proceeding before the Probate Court, originating in a petition filed by the appellee, as executor of the last will and testament of William Garrett, deceased, seeking to have a homestead and other property set apart as exempt for the benefit of two minor heirs, the children of the testator. The application was granted, and the exemptions allowed under the provisions of the act of April 23, 1873.—Session Acts 1872–73, pp. 64–69.

The case is brought here on certain exceptions taken to the report of the commissioners, who were appointed by the probate judge to make the selection and valuation of the exempted property. These exceptions were disallowed by the court, and an appeal was taken from the decree by the appellant, who is the personal representative of a creditor of the testator's estate. In cases of this character, the statute allows written 'exceptions to the allowance of the claim, to be filed by " the personal representative or *any person in adverse interest*," but requires this to be done " within *thirty days* after the expiration of *the sixty days*" given the commissioners for making return of their report.—Code, (1876), § 2841.

The appellant, as executor, was a creditor of the estate of William Garrett, and was, therefore, within the meaning of the statute, "a person in adverse interest." As said by this court in *Smith v. Phillips*, BRICKELL, C. J., " the whole law of administration is founded on the theory that they (creditors) have an interest, and the primary interest, in the estate." *Ib.* 54 Ala. 8. And the method and remedy resorted to for

ascertaining the exemptions were permissible and proper under the provisions of § 2844 of the Code, in as much as the proceedings were commenced on October 8, 1877, after the latter section was amended by the act of February 9th, 1877.

The record shows, that, on the same day the petition was filed, commissioners were appointed to set apart the exemptions, who made their report on October 18th, 1877—ten days thereafter. The probate judge confirmed the report immediately, on the same day it was made. This action was premature and unauthorized by law. It does not appear to have been made at a *regular, or special,* adjourned term, and it was not such an order or proceeding as is authorized to be had, or granted at any other time, in contemplation of section 701 of the present Code, (1876).—*Arrington et al. v. Roach, Adm'r,* 42 Ala. 155.

It was otherwise objectionable on the ground, that the personal representative and creditors of the estate are allowed ninety days within which to file exceptions, for the purpose of contesting the claim before the probate court. The appellant was debarred of this right, by this improvident proceeding, which ought to have been vacated on the application of the injured party.—Code (1876), § 2841 ; *Curtis v. Williams,* 33 Ala. 570.

The probate court, furthermore, had no jurisdiction to try the exceptions filed to the allotment of the homestead. The statute expressly declares that "the issue formed therein shall be certified by the probate court to the *circuit court* of the county, and *shall be therein tried* at the next term thereof, and the judgment of such circuit court therein shall be certified back to the probate court for further proceedings, &c." Code (1876), § 2851. Section 2839 of the Code inhibits the exercise of such jurisdiction in the following peremptory words : "*In no case* shall the trial of the right of homestead be had before a *judge of probate* or justice of the peace."

The proceedings of the probate court in regard to the homestead, being *coram non judice,* are absolutely void.

There is still another objection to the decree and proceedings of the probate court, which must prove fatal to their legality.

Section 2844 of the Code (1876) provides, that, in all cases of debts or demands, contracted at any time before the State constitution of 1868 became operative, an exemption shall be allowed, the *quantum* of which shall be determined by the statute law which was of force *when such debts or demands was contracted.*

The claim represented by appellant in this case was contracted December 17th, 1867.

The above statute is merely declarative of what the law would otherwise have been, as since decided by this court in *Nelson v. McCrary et al.* 60 Ala. 301, and *Fearne v. Ward, Adm'r*, 65 Ala. 33.

These cases hold, in conformity to the doctrine declared by the Supreme Court of the United States, in *Gunn v. Barry*, 15 Wall. 610, that the right to a homestead exemption, *as against the claim of creditors*, is to be determined by the law which was of force when the debt was contracted, and not by a subsequent law, which was of force when the property was acquired ; and that a subsequent statute, when enlarging homestead exemptions, cannot operate on existing contracts without impairing their obligation. In other words, all contracts have reference to exemption laws, existing and in force at the date or time at which they are entered into by the contracting parties. The probate court erred in ignoring this principle. It was proper to pursue the method and remedies authorized by the present Code in ascertaining and determining the exemptions claimed by the petitioner. But the *quantum* of the exemptions, both of real and personal property, if any are allowable at all in this case, ought to have been determined by the laws in force on the date of the claim or debt, not by the act of April 23, 1873, as was improperly done in this case by the court below.

It is insisted by appellant that Phineas Garrett, one of the minors, who was a beneficiary of this application, was a non-resident of the State, and on this ground not entitled to any exemption allowed by statute. He had, prior to his father's death, been sent to Rhode Island, where he was attending a free school in that State. It does not appear that he left Alabama for any other purpose, or that he had any intention of permanently remaining absent.

During the life of the father, his domicil was also that of the minor. It is frequently said that one's original domicil "clings closely," and the law does not readily presume its change, certainly not when absence is temporary, and is attended with *animus revertendi.*

In Troy's Election Case, 71 Penn. State Rep. 302, it was properly held, that a student, who had gone to a literary institution for the purpose of receiving an education, and intending to leave after graduation, does not lose his original domicil. The exception based on this ground was without merit.

For the above errors, the decree of the Probate Court is reversed, and the cause is hereby remanded.