# Henderson's Adm'r *v.* Tucker.

*Bill in Equity by Administrator of Deceased Wife, against Husband's Administrator, for Proceeds of Sale of Exempt Property:*

1. *Exemption of personal property, for benefit of decedent's widow or child.*—Under the act approved April 23d, 1873 (Sess. Acts 1872-3, p. 64), construing the 3d and the 13th sections together, "personal property to the value of one thousand dollars," belonging to a decedent's estate, when there is no surviving widow, is only exempt from administration in favor of a *minor* child.

2. *Same; waiver of.*—When there is a widow or minor child entitled to claim such exemption, "no active duty is cast on the administrator, which requires him to take the initiative in setting apart such exempt personal property," though he must permit the selection to be made by the widow, the guardian of the child, or commissioners appointed by the

[Henderson's Adm'r v. Tucker.]

probate judge; and if no selection is made, or claim preferred, by any person authorized to make it, until after the administrator has obtained an order to sell the property, and has sold it for the purpose of administration, "the claim of exemption must be regarded as waived."

APPEAL from the Chancery Court of Monroe.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 31st July, 1879, by John W. Leslie, as the administrator de bonis non of the estate of Mrs. Mary Jane Henderson, deceased, against James H. Tucker, as the administrator of the estate of Willis R. Henderson, deceased, and several other persons as heirs at law of said Willis R. Henderson; and sought to charge the lands and personal assets, in the hands of the defendants as such administrator and heirs, with the proceeds of sale of certain personal property, which belonged to the said W. R. Henderson at the time of his death, and was sold by said Leslie, as administrator, under an order of the Probate Court; and which, the complainant claimed in his bill, was exempt from administration, in favor of his intestate, the surviving widow, Mrs. Mary Jane Henderson. Said Willis R. Henderson died, intestate, on the 14th October, 1874, leaving a surviving widow, but no children; and letters of administration on his estate were duly granted, on the 2d November, 1874, to said James H. Tucker, one of the defendants in this suit. The administrator took possession of the personal property belonging to said estate, which was appraised at about one thousand dollars, and sold the same on the 1st December, 1874, under an order of the Probate Court. The sale was reported to the Probate Court, and was confirmed, the amount of the purchase-money being $631.19; and the administrator also collected about $80 of debts due the estate. Mrs. Mary Jane Henderson, the widow, survived her husband only a few days, and died on the 18th October, 1874; and letters of administration on her estate were duly granted, on the 15th March, 1875, to Mrs. M. E. Rawls, who continued to act as administratrix until the 13th December, 1875, when she resigned; and she made a final settlement of her administration on the 10th January, 1876, never having preferred any claim or demand against the estate of said Willis R. Henderson, or against his administrator, for the said personal property, or any part thereof, as being exempt to her intestate as his surviving widow. On the 19th June, 1876, letters of administration de bonis non on the estate of Mrs. Henderson were granted to John W. Leslie, the complainant in this case, who was the general administrator of the county; and he soon afterwards claimed and demanded of said Tucker, as administrator of W. R. Henderson, the said personal property, or the proceeds of the sale thereof, on the ground that it was exempt from admin-

[Henderson's Adm'r v. Tucker.]

istration, and belonged to the estate of the surviving widow, of which he was the administrator. The administrator of W. R. Henderson, who had disbursed the money in the payment of debts, denied Leslie's right to it; and the latter then filed his petition in the Probate Court, asking the appointment of commissioners to set apart and select, from the estate of said W. R. Henderson, personal property to the value of one thousand dollars, as exempt to his intestate, the surviving widow. On appeal to this court, from an order dismissing the petition, it was held that the widow's right of exemption "devolved on the administrator of her estate," and that the commissioners ought to have been appointed as prayed; but the appeal was dismissed, on the ground that it was not the proper remedy.— See *Leslie v. Tucker*, 57 Ala. 483.

The commissioners were afterwards appointed, and in February, 1877, made application to Tucker, as administrator, for personal property from which to make the selection and allotment; but, as already stated, the personal property had been sold, and the proceeds of sale appropriated to the payment of debts, and they failed to obtain any property or money. Thereupon, in March, 1877, Leslie, as administrator of Mrs. Henderson's estate, brought an action of trover against Tucker, as the administrator of W. R. Henderson's estate, to recover damages for his conversion of this exempt property, and recovered a judgment in the court below; but the judgment was reversed by this court on appeal, on the ground, as stated in the opinion, that until a selection of the exempt property was made, in one of the modes pointed out in the 13th section of the statute, "no such title and right to the possession vested in Mrs. Henderson, or in her administrator, as will maintain the action of trover."—See *Tucker v. Henderson's Adm'r*, 63 Ala. 280–83. The original bill in this case was filed before the reversal of that judgment, and sought satisfaction of the judgment out of any personal assets in the hands of the defendant administrator, and out of the lands descended, on the ground that said administrator was insolvent, and that his intestate's estate had reaped the benefit of the proceeds of sale of the exempt property used in the payment of its debts. After the reversal of that judgment, an amended bill was filed, striking out the allegations in reference to the judgment, and asking relief on account of the unauthorized sale of the exempt property, and the appropriation of the proceeds of sale to the payment of debts by the defendant administrator.

The chancellor dismissed the bill, on final hearing, on the ground that the right of exemption was lost, because not claimed before a sale of the property by the administrator; and his decree is now assigned as error.

[Henderson's Adm'r v. Tucker.]

C. J. Torrey, and B. L. Hibbard, for appellant, cited *Leslie v. Tucker*, 57 Ala. 483; *Hastings v. Meyers*, 21 Mo. 519; *Wally v. Wally*, 41 Miss. 657; *York v. York*, 38 Illinois, 522; *Mason v. O'Brien*, 42 Miss. 420; Thompson on Homesteads, § 898; 1 Story's Equity, §§ 562–68.

J. W. Posey, *contra*, cited *Tucker v. Henderson's Adm'r*, 63 Ala. 280; *Phillips v. Ash's Adm'r*, 63 Ala. 418; *Webb v. Edwards*, 46 Ala. 27; *Bell v. Davis*, 42 Ala. 460.

STONE, J.—The right of exemption claimed in this case is controlled by the act approved April 23d, 1873.—Pamph. Acts, 64; *Tucker v. Henderson*, 63 Ala. 280. The first section of that statute provides, "that the personal property of any resident of this State, to the value of one thousand dollars, to be selected by such resident, shall be exempted from levy and sale under execution, or other process for the collection of debt." Section 3 declares, that "personal property to the value of one thousand dollars, of any resident of this State, after his death, shall be exempt from the payment of debts; *provided*, such decedent leaves surviving him a widow or child." Section 13: "That whenever an executor or administrator makes out an inventory of the estate of any decedent, who left surviving him a widow or minor child, it shall be his duty to permit said widow, or the guardian of such child or children, if there be no widow, or she does not act, to select the property exempt from administration for the payment of debts; and if neither the widow nor guardian make such selection, then three disinterested persons, to be selected by the judge of probate, must make such selection, and set apart the same; and the same must be appraised by the appraiser, and the appraisement thereof returned to the Probate Court, with the appraisement of the residue of the estate," &c. We think the proper construction of this statute requires us to hold, that section 13 explains what is meant by section 3, when it exempts a thousand dollars of personal property, provided the decedent leaves a surviving widow or child. To come within the statute, such surviving child must be a minor.

We have uniformly held, in construing similar statutory provisions, that exemption is a privilege to be claimed; and if not claimed before a sale is made under legal process, it is treated as abandoned.—*Gresham v. Walker*, 10 Ala. 370; *Simpson v. Simpson*, 30 Ala. 225; *Bell v. Davis*, 42 Ala. 460; *Martin v. Lile*, 63 Ala. 406. So, under this statute, no active duty is cast on the administrator, which requires him to take the initiative in setting apart the thousand dollars of exempt personal property. He must *permit* the widow, or, if she does

[Robertson v. Bradford.]

not act, the guardian of the infant child or children, to make the selection. If neither acts, then three disinterested persons, to be selected by the judge of probate, must make the selection. No duty is imposed upon the administrator, until the selection is made in one of the modes pointed out above. We hold that, inasmuch as no selection was made, or claim preferred, until after the administrator had obtained an order to sell the property, and sold it for the purposes of administration, the claim of exemption must be regarded as waived.

Affirmed.