# Farley v. Riordon.

### Contest of Widow's Claim of Homestead Exemption.

1. *Claim of homestead exemption, and contest thereof; where tried.* Under statutory provisions (Code, §§ 2838, 2841), the Probate Court, or the judge of probate, has no jurisdiction to try any contest as to the right of homestead exemption, but is required to certify the issue to the Circuit Court for trial, whether it arise on an allotment made by commissioners, or on an application made to the court under circumstances which dispense with the necessity for the appointment of commissioners.

2. *Exceptions to widow's claim; when filed.*—A contest of the widow's claim to a homestead exemption can only be originated, in the Probate Court, by the filing of written exceptions to the allowance of the claim, or of the allotment, as the case may be; which must be filed, when made to the allotment, within "thirty days" after the expiration of the sixty days" allowed them for making their allotment and report; and within thirty days, when the claim is made by petition under circumstances which render the appointment and report of commissioners unnecessary, all the facts being presented by the pleadings.

3. *Same.*—If exceptions are not filed within the prescribed time, the court has no power to allow them to be filed afterwards; and an order of continuance, though made by consent, and stated in a subsequent entry to have been made "without prejudice," does not enlarge the time within which exceptions may be filed.

Appeal from the Circuit Court of Mobile.

Tried before the Hon. Wm. E. Clarke.

In the matter of the petition of Mrs. Margaret Riordon, widow of John Riordon, deceased, selecting certain lots in the

city of Mobile, of which her husband died seized and possessed, and praying that the same might be set apart to her as a homestead, "free and exempt from all the debts of the said John Riordon." The petition was filed on the 19th November, 1878, and alleged that said John Riordon died, intestate, on the 10th September, 1878, leaving no children; that he occupied as his homestead, at the time of his death, two of the lots, which were particularly described, and which did not exceed §500 in value; and that the third lot, also particularly described, "is immediately adjoining and contiguous to said lots first above described, and is of the value of not more than $400, or $500; and petitioner therefore selects as her homestead the whole of said real estate, being of less value than $2,000, and prays that the same may be set apart to her as her homestead," &c. On the filing of this petition, the Probate Court appointed the 23d November for the hearing, and ordered notice of the application to be given to the administrator, Owen Farley. On the 23d November, as the minute-entry of that date recites, "the hearing of questions incidental to the application of Margaret Riordon for the exemption allowed by law having been set down for hearing this day, came the attorneys of the applicant and administrator, and request the court to continue the proceedings; and it is so ordered." On the 12th January, 1880, a petition was filed by the administrator, asking an order to sell the real estate for the payment of debts; and on the same day an order was entered on the minutes, that the hearing of the widow's petition "be set down for the 15th inst." On the 15th January, an order was entered in the matter of said petition, in these words: "Continued by agreement of counsel, under leave of the court."

The following orders were afterwards entered in the matter of the petition, at the dates specified: February 25th, 1880: "Came the parties, and upon filing of demurrer by defendant, the cause was continued to the 30th inst." March 31st, 1880: "Came Margaret Riordon, widow of John Riordon, in person and by attorney; and came also Owen Farley, the administrator of the estate of said deceased, in person and by attorney, and asks the court to consider and pass upon the application of said Margaret for the whole of the real estate of said decedent to be exempted to her as her homestead, on the ground that said lands are of value less than $2,000; and the hearing of the cause having been continued without prejudice, as can be seen by reference to decree of continuance of November 23d, 1878, the court proceeds to hear counsel on said application. Thereupon, counsel for contestant demurs to said petition, as follows," setting out the demurrer; "and the court having overruled said demurrer, counsel for contestant thereupon submits

[Farley v. Riordon.]

exceptions to said claim of exemption, as follows," setting them out: "which said exceptions counsel for the petitioner moves to strike from the files, because the same were not filed within the time prescribed by law. Said motion to strike from the files was denied by the court, as said cause had been continued by agreement, and without prejudice, as shown by the foregoing orders of the court; to which ruling counsel for the petitioner excepted. Motion was then made by the counsel for the petitioner, to certify to the Circuit Court of the county the issue made up on the exceptions filed to the petition; which motion was denied by the court, as no allotment of the homestead had as yet been made (Code, § 2841); to which action of the court the petitioner excepted. Thereupon, came the attorneys for petitioner, and say that the proceedings in this cause ought to abate, because the Probate Court has no jurisdiction to hear and determine the issue formed on exceptions to the allotment of a homestead. The court overruled this motion, and the petitioner excepted." The trial then proceeded, and, on the evidence adduced, the court gave Mrs. Riordon an election to take either of the two houses and lots as her homestead; but she declined to make an election between them, and sued out an appeal to the Circuit Court; and that court, on errors assigned, reversed the decree of the Probate Court, and remanded the cause to that court for further proceedings; holding that the exceptions were filed too late, and that they ought to have been stricken out on motion. The administrator appeals from this judgment, and here assigns it as error.

OVERALL & BESTOR, for appellant.

G. L. SMITH, *contra.*

SOMERVILLE, J.—Under the provisions of the present Code (1876), the Probate Courts of this State have no jurisdiction to try any controversy touching the right of exemption to real estate claimed as a homestead. This want of jurisdiction extends to all cases where the question is raised, whether the allotment has already been made and reported by commissioners, after they have made the selection and valuation, or whether the controversy arise on application made directly to the court under such circumstances as to authorize the appointment of commissioners to be dispensed with, as unnecessary to the ascertainment of the requisite facts. The language of the statute is, "*In no case* shall the trial of *the right of homestead* be had before *a judge of probate*, or justice of the peace." Code, § 2838. In all litigated cases, therefore, where such a

[Farley v. Riordon.]

contest is properly raised, the issue formed is required to be certified by the probate judge to the Circuit Court of the county, to be tried therein at the next term thereof; after which, the judgment of the Circuit Court shall be certified back to the Probate Court for further proceedings."—Code, §§ 2841, 2838; *Kelly v. Garrett*, 67 Ala. 304; *Baker v. Keith*, at present term.

The Code prescribes the only manner in which such a contest can be originated in the Probate Court. This can be done by the personal representative of the decedent, or any person in adverse interest, and must be by *the filing of written exceptions* to the allowance of the claim, or to the allotment of the homestead, as the case may be.—Code, § 2841. The time is also prescribed, within which these exceptions shall be filed and the contest thus initiated. When the claim is made through the appointment of sworn commissioners, it becomes their duty to make the selection and valuation, and report the same to the Probate Court within sixty days after their appointment; and the exceptions are required to be filed "within *thirty days* after the expiration of said sixty days."—Code, § 2841; Acts 1876–7, § 24, p. 42. This method of contest is made applicable to all cases, "when homestead or exemption is claimed by the widow, or guardian of the minors" (Code, § 2841); and a natural and reasonable construction of the statute is, where no report of commissioners is required, the facts being all presented by the pleadings, the administrator is allowed *thirty days* within which to file his exceptions to the allowance of the claim made in the petition. The clause having reference to the "sixty days," seems to have no field for operation, except in those cases where commissioners are appointed, and it becomes their duty to make a report.

The petition of the appellee, claiming and selecting her exemption in a right of homestead as widow of the decedent, was filed in November, 1878, and is fully shown by the record to have been brought at once to the attention of the appellant, as administrator. No exceptions were filed by the contestant, until March, 1880, considerably more than a year after the petition was filed. We are of opinion, that they were properly ordered to be stricken from the files by the Circuit Court, under these circumstances. The Probate Court had no power to authorize the issue to be made up after the lapse of the period of time fixed by statute. It is a question of jurisdiction, and not of mere pleading. The filing of the exceptions was a condition precedent to the exercise of the jurisdiction, and without it no issue could be formed, or contest raised by the appellant; unless, perhaps, by demurrer, in certain cases not necessary to be considered.

[Hendricks v. Hendricks.]

The difficulty under consideration is not obviated by the continuance of the appellee's petition, and proceedings thereunder. The order of continuance, though made at the request of both parties, did not operate as an extension of the time allowed for filing the exceptions. It was made only four days after the petition was filed, and there remained ample time within which the issue required by statute could have been formed. The recital by the probate judge, in an order made more than a year afterwards, to the effect that the continuance was made "without prejudice," does not change its legal effect, in the absence of any evidence of an express agreement of counsel touching the question.—*Collier v. Falk*, 66 Ala. 223.

The action of the Circuit Court is without error, and its judgment is affirmed.