# Cochran's Adm'r *v.* Sorrell.

*Petition by Widow for Allotment of Homestead Exemption.*

1. *Contest of claim of homestead exemption; where tried.*—When objections are filed by the administrator to the widow's claim of a homestead exemption, or to the allotment thereof made by commissioners appointed by the Probate Court, that court has no power to try the issue (Code, §§ 2838, 2841), but should certify it to the Circuit Court for trial.

APPEAL from the Probate Court of Calhoun.
Heard before the Hon. A. WOODS.

The record in this case shows that, on the 14th June, 1882, Mrs. M. C. Sorrell filed her petition in said Probate Court, claiming a homestead exemption in the lands of her deceased husband, S. D. Cochran, for the benefit of herself and two infant children who resided with her, and praying the ap-

[Loeb & Weil v. Richardson.]

pointment of commissioners to set apart and allot such home-
stead to her; that said court, on the same day the petition was
filed, appointed six commissioners to make the allotment (three
in Cleburne county, and three in Calhoun, in which two coun-
ties the lands were alleged to be situated), and directed them to
report their proceedings to the court on or before the 15th July,
1882; that said commissioners made and filed their report on
the 7th July, and the court appointed August 19th for the
hearing of it; that on the 22d July, W. W. Whiteside, the
administrator of said Cochran's estate, filed his petition in the
court, asking to strike from the files the petition of the widow,
and to set aside the proceedings had under it, and the court
thereupon appointed the 19th August for the hearing of his
petition; and that on said 19th August, the two matters com-
ing on to be heard together, the court overruled the adminis-
trator's objections, dismissed his petition, and confirmed the
report and allotment of the commissioners. The administrator
duly excepted to these rulings, and he now assigns them as
error.

PARSONS, PEARCE & KELLY, for appellant, cited *Kelly v.
Garrett*, 67 Ala. 304.

PER CURIAM.—The decree of the Probate Court must be re-
versed, on the authority of *Kelly v. Garrett*, 67 Ala. 304; *Ba-
ker v. Keith*, 72 Ala. 121; and *Farley v. Riordon*, 72 Ala. 128.
Exceptions or objections to the allotment of a homestead hav-
ing been interposed by the administrator, it was the duty of the
Probate Court to have certified them to the Circuit Court for
trial, and not to have entertained jurisdiction to hear and de-
termine them.

Reversed and remanded.