# CASES

IN THE

# SUPREME COURT OF ALABAMA,

## DECEMBER TERM, 1884.

## Jarrell, Ex'r, v. Payne.

*Settlement of Insolvent Estate in Probate Court.*

75 577
100 207

1. *Homestead to widow and minor children; by whom return made under § 2841, of Code.*—The duty of making the report or return of homestead or other exemption claimed by the widow or guardian of minor children, etc., as provided by section 2841 of the Code of 1876, when the claim or selection has been made without the intervention of commissioners, rests on the personal representative, although the statute is silent as to the person by whom the report or return should be made.

2. *Same; when selection necessary.*—Although there is no express direction or provision in the statute for selecting the homestead by or for the widow or minor children of a decedent, when the family resided thereon at the time of the decedent's death, yet, such selection must be made, when the tract consists of more acres, or is of greater value than can be claimed as exempt.

3. *Same; when selection unnecessary.*—But when, as in this case, the whole tract does not exceed the quantity and value the law exempts in favor of the widow or minor children, no selection is necessary; but all that is required in such case is, that the claim should be asserted or made known before the personal representative acquires dominion over it for the purposes of administration, or some creditor procures its sale for the payment of debts.

4. *Same; should be reported under § 2841 of the Code, though not laid off by commissioners.*—Under section 2841 of the Code of 1876, the homestead or other exemption in favor of the widow or minor children should be reported to the probate court, within sixty days after it is claimed, although commissioners were not appointed to lay it off. (*Farley v. Riordon*, 72 Ala. 128, on this point, qualified.)

5. *Same; negligence of personal representative to report; liability for.*—The failure of the personal representative to make such report, as required by the statute, fixes on him a *prima facie* liability for negligence, and casts on him the burden of exculpation; and the measure of his liability, the estate having been declared insolvent, is the injury resulting to the creditors of the estate from such failure.

6. *Same; when personal representative not liable for rents of homestead.*—In such case, the personal representative fully exonerates himself from liability, by showing that the homstead did not exceed, in quantity, eighty acres, or, in value, one thousand dollars, and that it had been occu-

37

pied, since the decedent's death, by the widow under an asserted claim of homestead on behalf of herself and minor child, to which he had assented; and hence, on proof of these facts on final settlement made by him after declaration of insolvency, he is not chargeable with the rent of the homestead.

APPEAL from Tallapoosa Probate Court.

Tried before Hon. R. A. J. CUMBEE.

The facts are stated in the opinion.

A. D. STURDIVANT, for appellant.

W. D. BULGER, contra.

STONE, C. J.—This case presents the question of homestead and other exemptions in a form different from any heretofore considered. We have considered the question in many phases; where such property was sought to be subjected to sale under legal process, and where it was sought to be brought under the dominion of administration, for the payment of debts, or for distribution. In all such cases, we have held that exemption is a privilege to be claimed; and if not claimed until the property has been subjected to sale, our ruling has been that the right is lost. We have taken a further step, and held that if the homestead is to be severed from a larger tract, or the exempt personalty from a larger bulk, the selection of the exempt portion must be made before sale, or the right is lost. And the claim of exemption, to be successful, must not be in excess of that allowed by law.—*Tucker v. Henderson*, 63 Ala. 280; *Martin v. Lile, Ib.* 406; *Simpson v. Simpson*, 30 Ala. 225; *Bell v. Davis*, 42 Ala. 460; *Henderson v. Tucker*, 70 Ala. 381; *Wright v. Grabfelder*, 74 Ala. 460; *Barber v. Williams, Ib.* 331; *Spencer v. Clark* [*ante*, p. 49].

In the present case, there has been no attempt to subject the land or personal property to sale, either under legal process, or under an order of the probate court. The exact case is as follows: John T. Jarrell died, leaving a last will, and appointing William G. Jarrell to be executor thereof. The will was probated, and the executor qualified. Testator left a surviving widow and one infant child. He owned and occupied eighty acres of land at the time of his death, and personal property, valued by the appraisers at two hundred and sixty-five dollars. The testimony declares this was the only property he owned, and that the land was occupied by testator as a homestead at the time of his death, and was worth not exceeding one thousand dollars. It has ever since been occupied by the widow and child as a homestead. The report of the appraisers states, "the following articles" (the entire personal assets) "are selected and

[Jarrell, Ex'r, v. Payne.]

set apart for widow and minor child under section 2824 of the Code." No report appears to have been made by any one in reference to the homestead, and it does not appear that the executor ever interfered with it in any way, or made any effort to sell it, rent it, or to obtain possession of it. The estate was reported and declared insolvent, and the executor filed his account for a final settlement, charging himself with little or no assets, but claiming credit for expenses of administration. Creditors filed exceptions to the account current, and succeeded in establishing a charge against him, made up chiefly of rents of said eighty acres of land, which it was alleged the executor ought to have realized. Exceptions were reserved to these rulings, and this presents the question for our determination.

The statute makes express provision for reporting claim of homestead in the following cases: Sections 2828-9 of the Code of 1876 provide for the declaration and recording of such claim before any process is levied upon it. Sections 2832 and 2834 provide for reporting such claim, when no claim has been made before, but is made after process levied. Section 2840 makes provision for selecting the homestead, "when any resident of this State dies, leaving a widow or minor child or children, one or both, and such resident owned lands, or an interest therein in this State, but did not at the time of his death reside on a homestead owned by him, of the value of two thousand dollars." There is no express direction or provision for selecting the homestead by or for the widow or minor children, when the family resided on the homestead at the time of the husband's death. Yet, section 2841 declares that "when homestead or exemption is claimed by the widow or guardian of the minors, or by commissioners appointed by the judge of probate under any of the provisions of this chapter [the whole subject of exemptions], the same shall be returned to the probate court having jurisdiction of the estate within sixty days thereafter," etc. The statute is silent as to the person who shall make the report in a case circumstanced as this is; as silent as it is as to the manner of asserting the claim, or making the selection. On whom does the duty rest of making the return? We think we best promote the policy and symmetry of the law by holding that this duty rests on the personal representative.

When the tract consists of more acres, or is of greater value than can be claimed as exempt homestead, there must be a selection of the part claimed. This is indispensable, for otherwise it can not be known of what the homestead consists, nor whether the claim is excessive. But when, as in this case, the whole tract does not exceed the quantity the law exempts, there is no room for selection, unless the value exceeds two

[Jarrell, Ex'r, v. Payne.]

thousand dollars. That is not asserted in this case, and the proof shows it did not exceed one thousand dollars in value. It follows that all the law required in this case was, that the claim should be asserted or made known, before the personal representative acquired dominion over it for purposes of administration, or some creditor procured its sale for the payment of debts.—*Keel v. Larkin*, 72 Ala. 493. Section 2827 of the Code declares that " the homestead exempted for the benefit of the widow and minor child or children, under this chapter, may be retained by such widow, or by such child or children, until it is ascertained whether the estate is solvent or insolvent; and if the estate is insolvent, shall vest in them absolutely."

There is, in substance, no difference between the right of homestead asserted in this case, and the kindred right of exempt personal property, claimed by the widow or minor children. In *Mitcham v. Moore*, 73 Ala. 542, this court said: " The right of exemption is not dependent upon the existence of an administration. The purpose of making it is the maintenance of the widow and minor children, a purpose which could not often be accomplished, if the right was dependent on the existence of an administration. . . . And so it may occur that if there was a grant of an administration, the personal property which would pass to the personal representative would not equal the value of the exemption. There would be no duty in reference to it to be performed by the personal representative, except that of permitting the selection to be made. The grant of administration would be, as to such property, merely formal and ceremoneous, creating unnecessary expense, and diminishing the value of the exemption."

In the case of *Farley v. Riordon*, 72 Ala. 128, we find this remark: " The clause having reference to the 'sixty days' [in § 2841 of the Code] seems to have no field for operation except in those cases where commissioners are appointed, and it becomes their duty to make report." This opinion is not absolutely declared, and must be considered in connection with the sentence immediately preceding it, and with the facts of that case. It was not absolutely necessary to the opinion then pronounced, and we do not feel bound by it, so as to preclude further inquiry into it. The present case makes it our duty to inquire, whether there should not have been a report of the claim of homestead, although commissioners were not appointed to lay it off. The language of the statute—Code, § 2841—is, " When homestead or exemption is claimed by the widow or guardian of the minor, or by commissioners appointed by the judge of probate under any of the provisions of this chapter, the same shall be returned to the probate court

having jurisdiction of the estate within sixty days thereafter." This statute expressly requires the return to be made, whether the claim is asserted by the widow, the guardian of the minors, or is alloted by commissioners. And the reason is obvious. The policy, as well as the provisions of our statutes, securing homestead and other exemptions, is, that the proceeding shall not be *ex parte*, but subject to judicial contestation. And that contest can not be inaugurated unless the claim or allotment be returned to the court. We think the claim should be returned, or reported to the court, no matter how asserted, in all cases of decedents' estates; and, as stated above, we hold it to be the duty of the personal representative to make the return, whenever the claim or selection has been made without the intervention of commissioners. The charge of rents against the executor, made in this case, must have rested on his failure to return, or report the claim of homestead; for it has no other foundation to rest on.

The only testimony in this record bearing on the question under discussion is that of the executor himself. He testified as follows: "That said John T. Jarrell died on or about the 20th day of September, 1881, leaving surviving him his widow, Mrs. Jane Jarrell, and Luke M. Jarrell, a minor child of hers, who were members of his family at the time of his death; and that the lands on which his dwelling was located, and on which he resided last before his death, consisted of about eighty acres only, and that the said lands and improvements thereon did not exceed in value one thousand dollars at the very highest estimate; and that the same are situate, lying, and being in the county of Tallapoosa, State of Alabama; and that the widow of said deceased, Mrs. Jane Jarrell, had asserted her right and claim to said land and dwelling situated thereon, as a homestead for herself and minor child of said decedent, exempt from the payment of debts contracted after the 23d day of April, 1873; that he recognized the right of said widow and minor child to said premises as a homestead, and assented thereto; and that said widow had continued to exercise control and dominion over said premises, as a homestead for herself and minor child of said deceased, up to the present time."

On the principles declared above, and which we decide to be the true rule, the executor must be held accountable as for negligence in failing to return the claim of homestead. What is the effect of this neglect, so far as his liability is concerned? On principle, the measure of his liability is the injury the creditors suffered by the failure. The failure of a sheriff to levy an execution in his hands on property found in the defendant's possession, furnishes an analogy. Such failure fixes on the sheriff a *prima facie* liability, but it is only *prima facie*. It

casts on the sheriff the burden of exculpation. The presumption is overcome, if the sheriff prove the property was not subject to the process, or would have yielded nothing.— *Wilson v. Strobach,* 59 Ala. 488 ; *Abbott v. Gillespy,* [*ante,* p. 180]. So, in this case, when the executor proved that his failure to return the claim of homestead injured no one, he fully met and neutralized every element of damage to the creditors, which the law, in the absence of such explanation, would presume from this neglect of duty. In the present case, the testimony clearly shows the claim of homestead was just, and was not excessive There is no attempt to prove the contrary. If the claim had been returned to the probate court, it is not likely there would have been any contest. If there had been, it would have amounted to nothing, except to entail unnecessary expense, if the facts are properly set forth in this record. *Damnum absque injuria.*

Reversed and remanded.