(110 So. 699)

### MIZELL v. HARRISON.    (4 Div. 300.)

(Supreme Court of Alabama.   Nov. 26, 1926. Rehearing Denied Jan. 6, 1927.)

Executors and administrators ⊚—191—Right of widow, who held as life beneficiary under husband's will for 14 years, to exemption, held to abate on her death (Code 1907, § 4200).

Where widow took and held as sole life beneficiary under husband's will for 14 years, without attempting to have personal property exemption set apart for her, under Code 1907, § 4200, in effect when husband died, *held*, that any claim she may have had to exemption abated on her death, and did not devolve on her administrator.

Appeal from Probate Court, Coffee County; J. A. Carnley, Judge.

Petition of M. O. Harrison, as administrator of the estate of Nancy Fleming, deceased, to have set apart the personal exemptions. allowed by law to the decedent, as the widow of C. C. Fleming, deceased, from the estate of said C. C. Fleming. From a decree granting the petition, C. W. Mizell, as administrator of the estate of C. C. Fleming, deceased, appeals. Reversed and rendered.

John H. Wilkerson, of Troy, and J. C. Fleming, of Enterprise, for appellant.

Exemptions in favor of the widow and minors are personal, and, if not asserted during widowhood or minority of the children, are waived. Chamboredon v. Fayet, 176 Ala. 211, 57 So. 845; Steele v. Moody, 53 Ala. 418; 25 C. J. 32; Kelly v. McCaw, 29 Ala. 227. Where the widow dies, her right of exemption is forfeited. Wiggins v. Mertins, 111 Ala. 164, 20 So. 356.

P. B. Traweek, of Elba, for appellee.

The widow's right to exemptions survived her and devolved upon her personal representative. Leslie v. Tucker, 57 Ala. 483; Tucker v. Henderson, 63 Ala. 280; Henderson v. Tucker, 70 Ala. 381; 24 C. J. 258. The widow need not dissent from the will in order to claim exemptions. Hubbard v. Russell, 73 Ala. 578; Bell v. Bell, 84 Ala. 64, 4 So. 189.

ANDERSON, C. J. C. C. Fleming died the 5th day of October, 1911. He had no children, and made a will leaving all of his property, real and personal, to his wife during her life, with remainder to his relatives. The estate was solvent and considerably in excess of the exemption allowed the widow under the law. The intestate named no executor, so one Donaldson was appointed administrator with the will annexed. After serving about two years the said Donaldson resigned and made a settlement. The widow was then appointed administratrix of the estate and continued as such until her death on the 26th day of August, 1925, without having made a final settlement of the estate. C. W. Mizell was appointed administrator to succeed the widow, and is now acting. M. O. Harrison was, in September, 1925, appointed administrator of the widow, Mrs. Fleming, and subsequent thereto instituted proceedings to have the exemptions as to personal property of $1,000 set apart as provided by section 4200 of the Code of 1907 (the law existing when Fleming died), and which was done.

This court has held that, notwithstanding the widow had no vested right or title to this exemption until it was set apart, in case of her death the right devolved upon her personal representative. Leslie v. Tucker, 57 Ala. 483; Tucker v. Henderson, 63 Ala. 280; Henderson v. Tucker, 70 Ala. 381. These cases, however, involved an effort to have the exemption set apart as against the creditors or heirs of the decedent and did not as here seek to affect or alter the testator's will. The widow took and held under the will for 14 years, was made the sole beneficiary thereunder for her life, and made no effort to have an exemption set apart, no doubt, for the very good reason that she already had all of the property for her life and did not desire to defeat her husband's wishes who had provided for her most bountifully, and we are of the opinion that any claim she may have had to this exemption abated upon her death and did not devolve upon her administrator. At any rate, we are not willing to extend the rule of survivorship beyond the scope of the one laid down in the cases supra. To hold that the right to have the exemption set apart devolved upon this widow's administrator for the sole purpose of defeating, to this extent, the testator's will, would render the exemption law a sword instead of a shield. The appellee had no right or authority to institute the exemption proceedings which should have been dismissed by the trial court.

---

The decree of the probate court is reversed, and one is here rendered dismissing the claim. Reversed and rendered.

SAYRE, GARDNER, and MILLER, JJ., concur.